182 So.2d 26 (1966)
Lillian BROOME and Harry Broome, her husband, Appellants,
v.
BUDGET RENT-A-CAR OF JAX, Inc., a Florida corporation, and Walter F. Wedberg, Appellees.
No. G-420.
District Court of Appeal of Florida. First District.
January 25, 1966.
*27 Arthur J. Gutman, Jacksonville, for appellants.
Howell, Kirby, Montgomery & Sands, Jacksonville, for appellee.
RAWLS, Chief Judge.
Plaintiff Lillian Broome was injured as a result of an accident caused by an automobile owned by Budget and driven by one Walter F. Wedberg. The accident occurred in Mrs. Broome's driveway as she was getting out of the automobile. The instant suit was filed and upon trial thereof the jury returned a verdict of not guilty as to Wedberg and assessed damages against Budget in the sum of $35,000 for Mrs. Broome and $10,000 for her husband. Budget timely filed its post-trial "Motion for Judgment in Accordance With Motion for Directed Verdict or for New Trial." The trial judge entered judgment in favor of defendant Budget notwithstanding the verdict and further ordered "* * * that in the event that judgment for the defendant to be entered herein be reversed on appeal, the alternative motion of the defendant for a new trial is granted * * *." It is from this judgment that plaintiffs have perfected this appeal.
The real issue that must be decided is: Was there substantial competent evidence in the record by which a jury could conclude that Plaintiff Lillian Broome's injuries were incurred as a proximate cause of a negligent act or omission on the part of Budget? We conclude there was such competent evidence and the trial judge's order must be reversed.
Additional facts which must be viewed in the light most favorable to the jury's verdict are: The automobile involved in this accident, a 1963 Ford Falcon Convertible, was owned by Defendant Budget in connection with its business of renting automobiles to the general public. The Falcon was equipped with a Fordomatic automatic transmission which was operated by the driver moving a shift lever mounted *28 on the steering column. As the lever is moved, an arrow points to letters set out upon a quadrant which letters are arranged in the following order: "P" for Park, "R" for Reverse, "N" for Neutral and "D" for Drive. Thomas St. Denis, who was the resident manager for Budget, testified that the Falcon was designed to start only when the arrow indicated park or neutral and that on Christmas night prior to this accident, a lady who had rented the Falcon called and advised it would not start. He went to where it was parked and by "jiggling the lever" was able to start it. Other testimony of this witness was that he had knowledge prior to Christmas that at times the shift lever had to be jiggled to actuate the starting mechanism; that the lever did not require moving more than a quarter of an inch; that Budget had received complaints as early as the month of June, 1963, about the Falcon, and "We would tell people if the car didn't start, touch the gearshift lever, or jiggle the gearshift lever, and it would start"; that Budget had incurred the same trouble with other Falcons but "not to an aggravated degree"; and that this Falcon Convertible did not rent as frequently as other cars, so the daily rental was reduced. Another witness testified that he had rented the Falcon in early December and had reported to Budget that the starting mechanism was out of adjustment.
The driver of the Falcon testified that on the day of the accident (the early afternoon of January 3, 1964) he had parked it on the Broome's concrete driveway while visiting them. As he prepared to depart Mrs. Broome assisted him in locating his keys which she found in the ignition. Wedberg and Mrs. Broome were in the car and the gear lever was in "park." He turned the ignition key and nothing happened. While Mrs. Broome was getting out of the car or immediately after she had stepped out, he jiggled the gearshift lever and turned the key; the car jumped back about a foot and knocked Mrs. Broome down.
It was upon the foregoing basic facts that the jury reached its verdict, holding Budget liable for Mrs. Broome's injuries and finding the driver Wedberg not guilty of any negligent act. The judgment in favor of Wedberg has not been questioned on this appeal.
Automobiles have long been recognized to be dangerous instrumentalities in this jurisdiction. Budget was engaged in the business of renting automobiles to the general public. It rented the subject automobile with a known defect which it failed to correct over a long period of time. The fact that Budget was guilty of a negligent act is not controverted. This brings us to the real question involved in this lawsuit, Was Budget's negligent act such that a jury could conclude that it was the proximate cause of the accident? In holding that Budget's negligence was not the proximate cause of the accident, the trial judge stated:
"To repeat, there was no evidence that the car ever jumped backward before the time of Mrs. Broome's injury. Thus this is not a case of erecting inference upon inference because there is no foundation for entertaining even a first inference that the backward movement of the car was the result of the defective shift mechanism. It is clear that the evidence does not exclude other tenable conclusions, e.g., that the defendant Wedberg himself placed the shift lever in reverse position."
The observation by the trial judge as to "other tenable conclusions" was resolved by the jury. In finding that defendant Wedberg was not guilty, the jury necessarily concluded that the accident did not occur as a result of his negligently placing the shift lever in reverse position. It obviously concluded that the movement of the vehicle was occasioned by the negligence of Defendant Budget in renting to Wedberg an automobile which oftentimes would not start unless the shift mechanism was "jiggled" *29 when in the positions of Park and Neutral.
We are therefore confronted with the question of whether "proximate cause" when considered in light of the facts present in this case was properly submitted to the jury by the trial judge. Probably no other segment of the law of negligence has received as much attention in this jurisdiction as the foregoing question. However, as we view the question, the rule of law applicable here was stated by Mr. Justice Hobson, speaking for the Supreme Court in Railway Express Agency v. Brabham,[1] as:
"* * * one cannot legally be held liable for injury or damage to the person or property of another unless, by the exercise of that degree of care and caution which a prudent or reasonably cautious man acting under similar circumstances would exert, he could have foreseen not the extent of the injury or damage or the manner in which it occurred but could have foreseen that some injury or damage to the person or property of another would reasonably be expected to ensue as a result of his action or conduct."
Applying the above stated rule to the facts of this case, Can it be said as a matter of law that Budget acting as "a prudent or reasonably cautious man" could not have foreseen that "some injury or damage" to a person would reasonably be expected to enuse as a result of its negligence? We think not.
It has long been held by our Supreme Court that the proximate cause of an injury is that cause which, in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred,[2] and "* * * one who causes or authorizes the use of a dangerous instrument or article in a negligent manner or under such circumstances that he has reason to know it is likely to produce injury, is responsible for the natural and probable consequences of his act to any person injured who is not himself at fault."[3]
Budget placed Wedberg in the driver's seat of this dangerous instrumentality with the knowledge that the starting mechanism was defective and that it was oftentimes necessary for him to jiggle the shift lever when in "P" and "N" in order to start the mechanism. When coupled with the jury's conclusion that Wedberg was free of negligence, the uncontroverted facts eliminated any question of an independent intervening force. And even if such question could have been properly injected, Budget, the original wrongdoer, set in motion the intervening cause.[4]
The trial judge concluded in his order granting a new trial that the foreseeability test when utilized in determining proximate cause is that test set forth in Cone v. Inter County Telephone & Telegraph Co. and carried forward in Pope v. Pinkerton-Hays Lumber Co.,[5] viz.:
"`Natural and probable' consequences are those which a person by prudent human foresight can be expected to anticipate as likely to result from an act, because they happen so frequently *30 from the commission of such act that in the field of human experience they may be expected to happen again. `Possible' consequences are those which happen so infrequently from the commission of a particular act, that in the field of human experience they are not expected as likely to happen again from the commission of the same act. See 38 Am.Jur. 712, Negligence, Sec. 61."
The Florida Supreme Court in reviewing the foregoing pronouncement in the Pope case[6] concluded that what it meant in the Cone case was that "the test was not intended to, nor do we think it does, imply that a plaintiff, in order to recover in a negligence action, must prove that the particular causative act had frequently occurred before, and that it had frequently resulted in the same particular injury to the plaintiff."
The trial judge in applying the foreseeability test to the facts of the case sub judice fell into the same error as did this Court in the Pope case  that is, the subjective application of the objective test of foreseeability. We conclude the evidence properly presented a jury question as to proximate cause which it resolved.
We now go to the part of the trial judge's order granting a new trial, viz.:
"ORDERED that in the event that judgment for the defendant to be entered herein be reversed on appeal, the alternative motion of the defendant for a new trial is granted upon these grounds * * *."
The basis for this order is a finding by the trial judge that plaintiffs' case as to liability was not sufficient to sustain a verdict in that "* * * the defendant could be liable for damages to the plaintiffs resulting from the alleged negligent operation of the vehicle by the defendant Wedberg only had the evidence established that the injuries suffered by the plaintiff Lillian Broome could have been foreseen by any prudent person as the probable consequences of the malfunctioning of the steering mechanism of the vehicle because the behavior of the vehicle in jumping suddenly into reverse gear and starting backwards had happened so frequently that it might reasonably be expected to happen again."
It is apparent that the trial judge predicated his order granting a new trial upon the premise that plaintiff was required to prove the foreseeability by defendant of its negligence causing a specific injury, i.e., that the vehicle by jumping backward had injured others so frequently that it might reasonably be expected to happen again. As outlined above, this is the specific point which we concluded was erroneous in this Court's opinion in Pope, and therefore the order granting a new trial cannot now be upheld.
In view of our decision herein we find it unnecessary to pass upon other points posed by appellant.
The trial court's order setting aside the jury's verdict is reversed as is the order granting a new trial and the cause is remanded with directions to enter a judgment for plaintiffs upon the jury's verdict.
STURGIS and JOHNSON, JJ., concur.
NOTES
[1] Railway Express Agency v. Brabham, 62 So.2d 713 (Fla. 1952).
[2] Woodbury v. Tampa Water Works Co., 1909, 57 Fla. 243, 49 So. 556, 21 L.R.A., N.S., 1034.
[3] Brisson v. W.T. Grant Company, 79 So.2d 771 (Fla. 1955), quoting the rule as stated in 38 Am.Jur., Negligence, Sec. 85.
[4] Savarese v. Hill, 128 So.2d 775 (Fla. App.3d, 1961).
[5] Cone v. Inter County Telephone & Telegraph Co., 40 So.2d 148 (Fla. 1949) and Pope v. Pinkerton-Hays Lumber Co., 120 So.2d 227 (Fla.App.1st 1960).
[6] Pinkerton-Hays Lumber Company v. Pope, 127 So.2d 441, 442 (Fla. 1961).