383 So.2d 1181 (1980)
FIRESTONE TIRE & RUBBER CO., INC., a Foreign Corporation, Appellant,
v.
Joyanne LIPPINCOTT, Appellee.
No. 79-194.
District Court of Appeal of Florida, Fifth District.
June 4, 1980.
David L. Holbrook of Wells, Gattis & Hallowes, P.A., Orlando, for appellant.
*1182 Robert J. Telfer, Jr. of Ciangrogna, Telfer & Evans, P.A., Titusville, for appellee.
COBB, Judge.
Mrs. Lippincott purchased two new tires at one of Firestone's stores. The new tires were mounted on the front, the old front tires were mounted on the rear, and one of the old rear tires was placed in the wheel well of the car as a spare.
On the way home from the Firestone store Mrs. Lippincott went over a railroad track and heard a loud metal clatter coming from her car. When she got home she investigated and determined that the noise had come from the spare tire, which was loose because it had been placed in the wheel well upside down. She decided to take the spare tire out and turn it right side up. She got the tire out of the wheel well, but her back was hurting and she felt sick to her stomach; so she went and got a neighbor to put the spare tire back into the wheel well for her. Afterwards, Mrs. Lippincott noticed a bump in the area above her navel. She continued to have physical discomfort with her abdomen and went to her doctor. She had a hernia which was operated upon.
Mrs. Lippincott sued Firestone for negligently causing her hernia. Firestone moved for a directed verdict on the ground that the injury was not reasonably foreseeable. The trial court denied the motion. The jury returned a verdict in favor of Mrs. Lippincott and the trial court entered a final judgment accordingly. Firestone appeals that judgment, claiming that the trial court erred in not granting Firestone's motion for directed verdict.
Foreseeability of injury is a prerequisite to the imposition of a duty upon a defendant. Smith's Bakery, Inc. v. Jernigan, 134 So.2d 519 (Fla. 1st DCA 1961); Memorial Park, Inc. v. Spinelli, 342 So.2d 829 (Fla. 2d DCA 1977). If injury is not reasonably foreseeable, then there can be no recovery. Smith v. City Products Corp., 147 So.2d 590 (Fla. 1st DCA 1963); Pope v. Pinkerton-Hayes Lumber Co., 120 So.2d 227 (Fla. 1st DCA 1960), cert. denied, 127 So.2d 441 (Fla. 1961).
A foreseeable consequence is one which a prudent man would anticipate as likely to result from an act. Jacksonville, Tampa, and Key West Railway Co. v. Peninsular Land Transport and Mfg. Co., 27 Fla. 1, 9 So. 661 (1891), rehearing denied, 27 Fla. 157, 9 So. 689 (1891); Stark v. Holtzclaw, 90 Fla. 207, 105 So. 330 (1925); Sharon v. Luten, 165 So.2d 806 (Fla. 1st DCA 1964).[1] The consequences that a prudent man would anticipate as likely to result from an act are those consequences that happen so frequently that they may be expected to happen again and are, therefore, probable consequences. Cone v. Intercounty Telephone & Telegraph Co., 40 So.2d 148 (Fla. 1949); General Telephone Co. v. Mahr, 153 So.2d 13 (Fla. 2d DCA 1963), cert. denied, 163 So.2d 285 (Fla. 1964). Foreseeable consequences are not "what might possibly occur." Stanage v. Bilbo, 382 So.2d 423 (Fla. 5th DCA 1980); Bryant v. Jax Liquors, 352 So.2d 542 (Fla. 1st DCA 1977).[2]
The very purpose of having a spare tire presumes its lifting and removal from the wheel well of a car when needed. The lifting of the tire, which was the cause of the hernia, would require the same effort regardless of the fact that the tire rattled when the car was in motion.
In the case sub judice, it was not reasonably foreseeable that placing the spare tire upside down in the wheel well would cause physical injury to someone removing it.
REVERSED.
DAUKSCH, C.J., and ORFINGER, J., concur.
NOTES
[1] Justice Cardozo described it as the risk reasonably to be perceived by the eye of vigilance. Palsgraf v. Long Island R.R. Co., 248 N.Y. 339, 162 N.E. 99 (1928).
[2] One who seeks redress at law does not make out a cause of action by showing without more that there has been damage to his person. If the harm was not willful, he must show that the act as to him had possibilities of danger so many and apparent as to entitle him to be protected against the doing of it though the harm was unintended. Id.