401 So.2d 1115 (1981)
Melissa E. CRISLIP, Appellant,
v.
James G. HOLLAND, City of Fort Pierce, and Florida Utilities Contractors, Inc., Appellees.
No. 78-2788.
District Court of Appeal of Florida, Fourth District.
May 13, 1981.
*1116 Larry Klein, and Cone, Owen, Wagner, Nugent, Johnson, Hazouri & Roth, P.A., West Palm Beach, for appellant.
Marjorie D. Gadarian of Jones & Foster, P.A., West Palm Beach, for appellees, City of Fort Pierce.
MOORE, Judge.
The plaintiff appeals a final summary judgment entered in a suit for damages arising out of an automobile accident. We reverse.
The plaintiff, Melissa Crislip, was a passenger in a van driven by one of the defendants, James Holland. Holland was driving west on Avenue M in Fort Pierce when he allegedly ran a stop sign and collided with another automobile. The van flipped on its side and landed next to a utility pole located at the southwest corner of the intersection of 21st Street and Avenue M. The pole was 10 feet 4 inches from the nearest edge of 21st Street and 14 feet 5 inches from the nearest edge of Avenue M. Crislip was thrown from the van and eventually landed against the utility pole. She was pinned between the pole and the van, and her leg was impaled on a metal spike protruding from the pole 18 inches from the ground.
Crislip sued Holland, the City of Fort Pierce and another defendant who is not a party to this appeal. Her complaint alleged that Holland negligently collided with another motor vehicle which resulted in her becoming pinned between Holland's motor vehicle and the utility pole, and her impalement on the spike located in that pole. She further alleged that the City of Fort Pierce placed the spike in the pole, negligently creating an unreasonable risk of injury to her.
The City of Fort Pierce moved for a summary judgment on the ground that Crislip's injury resulted from an independent, efficient cause which superseded the alleged negligent act or omission of the City. The deposition testimony submitted at the summary judgment hearing revealed that the City had placed the spike in the utility pole as a benchmark for surveying purposes. The City also admitted that the spike created somewhat of a safety hazard to passersby. The trial court granted the motion and the plaintiff appealed.
The reasonableness of the City's action in placing the benchmark spike in the utility pole is not at issue on this appeal. The trial court did not find, nor can the City claim, that there was an absence of a genuine factual issue regarding the reasonableness of the City's conduct. The sole question presented on this appeal is whether the injuries sustained by the plaintiff were a foreseeable consequence of the purportedly negligent acts of the defendant city. If the plaintiff's injuries were not a foreseeable consequence of the City's conduct, then the City cannot be held liable for such injuries, *1117 irrespective of its own possible carelessness in placing the spike on the pole. On the other hand, if such injuries were foreseeable, then the City is liable for the injuries sustained by the plaintiff as a result of her impalement on the spike, even though the City's negligence might be considered slight in comparison to Holland's alleged erratic driving.
In order for injuries to be a foreseeable consequence of a negligent act, it is not necessary that the initial tortfeasor be able to foresee the exact nature and extent of the injuries or the precise manner in which the injuries occur. Rather, all that is necessary in order for liability to arise is that the tortfeasor be able to foresee that some injury will likely result in some manner as a consequence of his negligent acts. Leib v. City of Tampa, 326 So.2d 52 (Fla. 2nd DCA 1976); Broome v. Budget Rent-A-Car of Jax, Inc., 182 So.2d 26 (Fla. 1st DCA 1966); Railway Express Agency v. Brabham, 62 So.2d 713 (Fla. 1952); 57 Am.Jur.2d, Negligence, § 157, pages 518-519. See also, Southern Express Co. v. Williamson, 66 Fla. 286, 63 So. 433 (1913).
An action for negligence is predicated upon the existence of a legal duty owed by the defendant to protect the plaintiff from an unreasonable risk of harm. The extent of the defendant's duty is circumscribed by the scope of the anticipated risks to which the defendant exposes others. In order to prevail in a lawsuit, the plaintiff must demonstrate that he is within the zone of risks that are reasonably foreseeable by the defendant. The liability of the tortfeasor does not depend upon whether his negligent acts were the direct cause of the plaintiff's injuries, as long as the injuries incurred were the reasonably foreseeable consequences of the tortfeasor's conduct. Concord Florida, Inc. v. Lewin, 341 So.2d 242 (Fla. 3rd DCA 1976). If the harm that occurs is within the scope of danger created by the defendant's negligent conduct, then such harm is a reasonably foreseeable consequence of the negligence. The question of foreseeability and whether an intervening cause is foreseeable is for the trier of fact. Gibson v. Avis Rent-A-Car System, 386 So.2d 520 (Fla. 1980).
Applying the foregoing authority to the facts in this case, it is abundantly clear that the trial court erred in ruling that, as a matter of law, the defendant City was relieved of liability by the intervening negligence of Holland. We find that the plaintiff's injuries were of the type that the City could reasonably anticipate would flow from its actions in placing the spike on the utility pole. The City recognized that members of the public passing by in close proximity to the pole would be exposed to a risk of danger. The crux of the City's argument is that, because the injuries were sustained by a plaintiff who arrived upon the spike by being hurtled there as a result of an automobile crash, rather than by a plaintiff who was merely passing by the utility pole, the accidental injuries were unforeseeable. This contention is unavailing, however, since the particular method of injury is irrelevant to the determination of the whether the occurrence of injuries is reasonably foreseeable. Broome, supra. The City, through the exercise of reasonable foresight, might have reasonably anticipated that some person would come in dangerous contact with the spike in some manner. Moreover, the question of the extent of the City's responsibility to anticipate the consequences of its acts was the province of the trier of fact and should not have been summarily resolved in favor of either party. Gibson, supra.
The City also posits the definition of foreseeability as set forth in the landmark case of Palsgraff v. Long Island Railway Company, 248 N.Y. 339, 162 N.E. 99 (N.Y.Ct. of App. 1928) as controlling in the instant case. In Palsgraff, a passenger was running in an attempt to catch one of the defendant's trains. Two of the defendant's railway guards, while assisting the passenger, dislodged a package from the passenger's arms, causing it to fall upon the rails. The package contained fireworks, which exploded and created a concussion that ultimately dislodged some scales at the other end of the loading platform. The scales fell and *1118 struck the plaintiff, causing her injuries. The plaintiff sued and gained a verdict in her favor, which was affirmed. The Court of Appeals of New York reversed, however, holding that the defendant was not liable because it had not been negligent in regard to the plaintiff. The Court opined that negligence is founded upon the defendant's acts which expose the plaintiff to a foreseeable risk of harm, stating:
The risk reasonably to be perceived defines the duty to be obeyed, and risk imports relation; it is risk to another or to others within the range of apprehension. [citations omitted, emphasis supplied]. Id., 162 N.E. at 100.
The Court determined that the plaintiff's injuries were not a foreseeable consequence of the acts performed by the defendant's employees, and that the injuries were therefore not actionable. Nonetheless, the Court also stated:
This does not mean, of course, that one who launches a destructive force is always relieved of liability, if the force, though known to be destructive, pursues an unexpected path. It was not necessary that the defendant should have notice of the particular method in which an accident would occur, if the possibility of an accident was clear to the ordinarily prudent eye. [emphasis supplied; citations omitted]. Id., 162 N.E. at 100.
This quoted portion of the Palsgraff opinion is apropos to the circumstances of the instant controversy. Here, we have the City "launching a destructive force" by affixing the spike onto its utility pole. Additionally, although the City might not have foreseen the precise manner of the plaintiff's injuries, the possibility of an accident occurring in some fashion similar to that which occasioned the plaintiff's injuries was obvious to the "ordinarily prudent eye". Hence, we find nothing in the "Palsgraff test of foreseeability" to be repugnant to the outcome of this case.
Inasmuch as the City should have known, through the exercise of ordinarily reasonable foresight, that the implanting of its benchmark spike created an unreasonable risk of danger to others, the injuries sustained by the plaintiff were within the zone of foreseeable consequences of the City's actions. As such, the trial court erred in granting a summary judgment in favor of the defendant City.
REVERSED.
DOWNEY and ANSTEAD, JJ., concur.