SHARP, Judge.
Clayton and Doris Willis appeal from a final summary judgment denying them any relief in their damage suit against the Sheriff and the County of Putnam, Florida. While Willis was being detained in the county jail for a seventy-two hour period *52 pursuant to the Myers Act,[1] the officers in the jail administered to him both alcohol, to prevent delerium tremens, and Coumadin (a blood thinning drug), for his heart condition. The combination of alcohol and Coumadin caused Willis to hemorrhage both externally and internally. Willis was immediately rushed to a hospital and he ultimately suffered various injuries and damages. Relying on Kwoka v. Campbell, 296 So.2d 629 (Fla. 3d DCA 1974), the trial court ruled that the adverse effect of alcohol and Coumadin on Willis was an independent, intervening cause of his injuries, thereby relieving the County of any liability. We disagree, and reverse.
In reviewing this record, we have considered only those facts and inferences which favor Willis.[2] If these facts are sufficient to establish a prima facie case, then summary judgment is improper. Gordon v. Hotel Seville, 105 So.2d 175 (Fla. 3d DCA 1958). The record shows the jail attendants dosed Willis with Coumadin and alcohol. For summary judgment purposes, the record shows these acts caused Willis’ injuries because no intervening, independent force interrupted or superseded them. The detention officers alone set in motion the forces which combined to injure Willis. See Loftin v. McCrainie, 47 So.2d 298 (Fla.1950).
The basic issue in this case is whether the damage suffered by Willis was a foreseeable result of administering to him both Coumadin and alcohol.[3] For summary judgment purposes, there is a basis in this record from which a jury could conclude the detention officers knew or should have known that giving both alcohol and a prescription drug to a person being held in protective custody under the Myers Act was potentially dangerous to that person, and should have been avoided. Willis’ resulting injuries were clearly within the ambit of danger stemming from the defendants’ acts. Woodbury v. Tampa Waterworks Co., 57 Fla. 243, 49 So. 556 (1909); Adair v. The Island Club, 225 So.2d 541 (Fla. 2d DCA 1969). We therefore reverse the summary judgment.
REVERSED AND REMANDED.
ORFINGER and COWART, JJ., concur.

.§ 396.072(2), Fla.Stat. (1977). This section of the Comprehensive Alcoholism Prevention, Control and Treatment Act (the Myers Act) provides that a person incapacitated by abuse of alcohol “may be detained in protective custody” for a 72 hour period. Willis’ wife had called the sheriff to pick him up because he had been on a drinking binge for several days and was unable to stop drinking by himself.

. Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla.1977); Brightwell v. Beem, 90 So.2d 320 (Fla.1956); Doll v. Robbins, 303 So.2d 338 (Fla. 3d DCA 1974).

. Nunziato v. P. & L. Auto Parts, Inc., 403 So.2d 1031 (Fla. 3d DCA 1981); Railway Express Agency, Inc. v. Garland, 269 So.2d 708 (Fla. 1st DCA 1972).