413 So.2d 1291 (1982)
Rodney K. BRADEN, Judy Braden and Randy Braden, Appellants,
v.
FLORIDA POWER AND LIGHT COMPANY, et al., Appellee.
No. 80-1473.
District Court of Appeal of Florida, Fifth District.
May 19, 1982.
Charles L. Handlin, of Handlin, Hefferan, Lanigan & Wright, Orlando, for appellants.
Palmer W. Collins, Melbourne, for appellee.
SHARP, Judge.
The Bradens appeal from a final summary judgment in favor of Florida Power and Light Company, the defendant below. In its motion for summary judgment, Florida Power and Light assumed it had been negligent in splicing a severed power line. The breaking of this negligently repaired power line was the first in a series of events which ended with a jar of gasoline bursting into flames and injuring the plaintiff, Randy Braden. The lower court ruled Florida Power's negligence could not have been the legal cause of Randy Braden's injuries because of intervening and unforeseeable circumstances. We reverse.
The record on appeal shows that the owner of property near the defectively repaired power line employed Steve Sharek to remove some Australian pines. Steve's father, Albert, came to watch the work, and he brought along his grandson, Randy Braden. One tree had a wasp nest in it. Steve asked Albert to get something to put on the nest after the tree was felled. Albert put some gasoline into a jelly jar, and Randy was holding the jar when the tree with the wasp nest was being cut. As the tree fell *1292 towards the ground, the top of it came into contact with the repaired power line, and the line broke.[1] After the line broke, Florida Power's automatic safety equipment failed to de-energize the line immediately as it should have. The broken, energized line, which was a primary conductor, violently discharged electrical energy and ignited the gasoline fumes in the jelly jar. Randy was seriously injured by the resulting flames.
The events leading to Randy's injuries occurred as if they were a line of dominoes falling one on the other. Appellee argues that because the exact combination of circumstances leading to Randy's injuries was unforeseeable, it should not be liable. However, appellee should be liable for those injuries if it could have foreseen that some injury would likely result in some manner, similar to that which actually happened, as a consequence of its negligent acts. Crislip v. Holland, 401 So.2d 1115 (Fla. 4th DCA 1981). In Crislip the court said:
If the harm that occurs is within the scope of danger created by the defendant's negligent conduct, then such harm is a reasonably foreseeable consequence of the negligence. The question of foreseeability and whether an intervening cause is foreseeable is for the trier of fact. (Emphasis in original).
Id. at 1117.
In this case, Randy's kind of injury appears to fall within the scope of danger created by the negligently repaired power line,[2] and no event in the series was sufficiently independent and intervening as to break the chain of causation as a matter of law.[3]Fries v. Florida Power and Light Company, 402 So.2d 1229 (Fla. 5th DCA 1981). Considering the vulnerability of power lines to objects coming into contact with them, it is not unforeseeable that something, such as a falling tree, would cause Florida Power's negligent splice to break. With a broken power line discharging electrical current in violent bursts, it is not unlikely that the discharge would set something nearby on fire. With the prevalence of flammable items in our modern world (houses, clothes, rubbish piles, gasoline, etc.) which co-exist with power lines, it is not unforeseeable that someone, like Randy, would be burned and injured as a consequence of the fallen, energized line causing a fire. At the very least, the question of foreseeability should have have been resolved by a jury. Overby v. Wille, 411 So.2d 1331 (Fla. 4th DCA 1982).
REVERSED AND REMANDED.
COBB and COWART, JJ., concur.
NOTES
[1] The top of an Australian pine is relatively flexible and light. The top of the tree fell against some lower lines as well, but only the top line, which had been spliced, broke.
[2] Woodbury v. Tampa Waterworks Company, 57 Fla. 243, 49 So. 556 (1909); Adair v. The Island Club, 225 So.2d 541 (Fla. 2d DCA 1969).
[3] Loftin v. McCrainie, 47 So.2d 298 (Fla. 1950); Willis v. Putnam County, 412 So.2d 51 (Fla. 5th DCA 1982).