473 So.2d 266 (1985)
James E. GUYTON and Wife, Dolly M. Guyton, Appellants,
v.
Andrew L. COLVIN, David Mitchell, Herb Howard, Arthur Baker, Ezell Roulhac, Frederick Wester, Willie Alexander, and Ancient Egyptian Arabic Order of Nobles Mystic Shrine of North and South America, Inc., Appellees.
No. AY-48.
District Court of Appeal of Florida, First District.
July 26, 1985.
Rehearing Denied August 22, 1985.
Lefferts L. Mabie, Jr., of Levin, Warfield, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, Pensacola; and Carroll L. McCauley, Panama City, for appellants.
Richard Smoak, Ross McCloy, and Jeffrey P. Whitton, of Sale, Brown & Smoak, Panama City, for appellees Howard, Roulhac, Alexander and Wester.
John N. Boggs, of Barron, Redding, Boggs, Hughes, Fite, Bassett & Fensom, Panama City, for appellee Colvin.
WENTWORTH, Judge.
Appellants seek review of an order by which appellees' motions for summary judgment were granted. We find that the case presents a disputed issue of material fact, and we therefore reverse the order appealed.
During an initiation ceremony for his induction into a fraternal organization, as alleged in appellants' complaint, James Guyton received an injury to his eye. Guyton and his spouse filed an action against the organization itself and various individual members thereof, alleging that the members were "engaged in a joint venture performing the initiation ceremony... ." Appellants further alleged that the named individuals were aware "that the initiation ceremony ... regularly included the use and discharge of a shotgun in close proximity to the initiate," and that during the ceremony the individuals "negligently and carelessly caused the shotgun to discharge so that a projectile from the shotgun struck [Guyton] in the left eye, causing the loss of the eye." Upon being deposed Guyton testified that he had not been aware that the initiation ceremony would encompass the use of a firearm or any other dangerous *267 activity. In describing the initiation ceremony Guyton explained that David Mitchell, an individual member of the fraternal organization and a named defendant, entered the organization's building with a shotgun which he then repeatedly discharged. Guyton stated that upon the first discharge of the firearm he received a minor burn on his thigh, and that upon the second discharge he received an injury to his eye.
Individual members of the fraternal organization were deposed and their testimony indicated that when Guyton was injured Mitchell was performing an assigned role in a ritualistic part of the ceremony. Various other members were assigned to an "initiation team" with active roles and primary responsibility for the initiation ceremony. Mitchell was furnished with blank ammunition which he personally inspected and utilized in the ceremony. Mitchell noted that in discharging the firearm he was careful to point it only at the floor or ceiling. The depositions suggest that a small piece of plastic may have been discharged from the shotgun, ricocheted off the floor, and struck Guyton in the eye. The depositions also suggest that members who were present but not a part of the initiation team played a more passive role in the ceremony, but were nevertheless aware that the ritual would include the discharge of a firearm.
Several individual named defendants, not including Mitchell, moved for summary judgment. The court entered an order finding that Mitchell had discharged the firearm "in the direction of ... Guyton," and that for the other members to be held responsible "the act of firing the gun in [Guyton's] direction must have been foreseeable by them." The court concluded that the other members could not have anticipated such an occurrence, and accordingly granted the motions for summary judgment. This initial order was subsequently vacated upon an assertion that it was entered without proper notice, but the court thereafter entered another order granting the same relief.
As indicated in Gibson v. Avis Rent-A-Car System Inc., 386 So.2d 520 (Fla. 1980), an individual may be held liable for damages when the individual's conduct sets in motion a chain of events resulting in an injury which is foreseeable as within the "scope of danger" created. And it is not necessary that the exact nature and extent of the injury, or the precise manner of its occurrence, be foreseen; rather, it is essential only that some injury occur in a generally foreseeable manner as a likely result of the negligent conduct. See Crislip v. Holland, 401 So.2d 1115 (Fla. 4th DCA 1981). In Stevens v. Jefferson, 436 So.2d 33 (Fla. 1983), the Florida Supreme Court expressly approved language in Crislip establishing that "[i]f the harm that occurs is within the scope of danger created by the defendant's negligent conduct, then such harm is a reasonably foreseeable consequence of the negligence." Stevens also approved language in Crislip indicating that in such circumstances the question of foreseeability should generally be an issue for the trier of fact.
In the present case it is asserted that Guyton's injuries may have been occasioned by the disintegration of a plastic shotgun shell casing which was expelled when the gun was fired, and which then ricocheted into Guyton's eye. Appellees argue that it is extremely unlikely, and thus not reasonably foreseeable, that such an injury might occur. However, we conclude that it is not entirely unforeseeable that some type of projectile may be expelled when blank ammunition is discharged, and Guyton's injury would thus appear to be within the scope of danger created by appellee's conduct. Contrary to the trial court's apparent conclusion, the record evidence does not establish that the shotgun was unexpectedly fired in Guyton's direction. Although appellees may not have foreseen the precise manner in which the injury occurred, the circumstances nevertheless raise a sufficient question *268 of foreseeability to present a factual issue which precludes summary judgment.[1]
The order appealed is reversed and the cause remanded.
ERVIN and BARFIELD, JJ., concur.
NOTES
[1] In determining that the issue of foreseeability precludes summary judgment we have not overlooked the differing status and roles of the various individual appellees. The record evidence presents some equivocation and dispute as to the extent to which these individuals either assented to or participated in the initiation ceremony, and the circumstances are not such as to exclude the possibility of their individual liability.