521 So.2d 258 (1988)
Dale WEBB and Sherry Webb, Appellants,
v.
GLADES ELECTRIC COOPERATIVE, INC., Appellee.
No. 87-1770.
District Court of Appeal of Florida, Second District.
March 2, 1988.
*259 Bruce D. Frankel of Goldberg, Rubinstein & Buckley, P.A., Fort Myers, for appellants.
Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, P.A., Fort Myers, for appellee.
PARKER, Judge.
This appeal arises from an order dismissing with prejudice the second amended complaint filed by Dale Webb (Webb) against Glades Electric Cooperative, Inc. (Glades). Webb alleges the trial court erred in ordering dismissal of the complaint. We agree and reverse.
Webb was injured in an accident which occurred during the course of his employment with the U.S. Sugar Corporation. At the time of the accident, Webb was pursuing a cow on horseback through a pasture owned by his employer. Webb's injuries resulted when his horse ran into a guy wire, which had been installed by and was the property of Glades, causing him to be thrown. Glades had installed the guy wire directly over an easily recognizable cow path but without any attached markings or warning devices.
In his second amended complaint, Webb alleged that Glades was negligent in the following manner: (a) In permitting the guy wire to be installed without proper warning devices or markings; and (b) in failing to otherwise warn Webb of the dangerous condition which existed. The trial court dismissed Webb's complaint with prejudice, finding "no legal duty on the part of the defendant to the plaintiff under the circumstances alleged in the second amended complaint."
Upon its motion to dismiss, Glades, as the movant, admits as true all well-pleaded material facts. Temples v. Florida Indus. Construction Co., 310 So.2d 326 (Fla. 2d DCA 1975). "It is axiomatic that in ruling upon a motion to dismiss a complaint the issue before the court is whether the complaint states a valid cause of action." Id.
"As a general rule, utilities have `a duty to exercise care, both in the location or construction and in the use and maintenance of its lines,' poles, and equipment." Padgett v. West Florida Elec. Coop., 417 So.2d 764 (Fla. 1st DCA 1982) (quoting Peninsular Telephone Co. v. Marks, 144 Fla. 652, 198 So. 330, 332 (1940)). Such a duty was recognized in Austin v. City of Mt. Dora, 417 So.2d 807 (Fla. 5th DCA 1982), in which a motorcycle driver failed to stop at a "T" intersection, struck a guy wire of a utility pole, crashed into a tree, and as a result was permanently injured. The pole and guy wires had been installed by a city utility some two or three feet from the pavement at the end of a dead-end intersection. The court in Austin reversed a summary judgment for the city, and remanded the case to the trial court for the jury to determine the issue of negligent placement of the power pole and guy wire.
A duty also exists on the part of the occupier of land to exercise reasonable care for the protection of invitees. Ashcroft v. Calder Race Course, Inc., 492 So.2d 1309 (Fla. 1986). This duty requires at least a warning of known dangers. Id. at 1311. The land occupier's duty may be even more substantial under circumstances in which there is reason to expect that the invitee's attention will be distracted. Id. Webb's second amended complaint sufficiently alleges Glades' breach of the duties stated above by creating and failing to warn foreseeable individuals such as Webb of the existence of a hazardous condition; namely, an unmarked guy wire installed over a clearly identifiable cow path.
The foreseeability of an injury is a prerequisite to the imposition of a duty upon a defendant. Firestone Tire & Rubber Co. v. Lippincott, 383 So.2d 1181 (Fla. 5th DCA 1980). A foreseeable consequence is one which a prudent man would anticipate likely to result from an act. Id. "[I]t is not necessary that the exact nature and extent of the injury, or the precise manner of its occurrence, be foreseen; rather, it is essential only that some injury *260 occur in a generally foreseeable manner as a likely result of the negligent conduct." Guyton v. Colvin, 473 So.2d 266, 267 (Fla. 1st DCA 1985). The allegations in Webb's complaint that "said guy wire was installed directly over an easily recognizable cow path such that it could be easily anticipated that cowboys such as Plaintiff DALE WEBB would be riding horseback in that area while chasing cattle" and "[w]ould come in contact with said guy wire," were adequate to raise an issue of foreseeability to be determined by the trier of fact. Padgett, 417 So.2d at 768.
Accepting as true all material facts pleaded in the second amended complaint and applying the foregoing legal principles to those facts, it was error for the trial court to dismiss Webb's complaint, since it sufficiently stated a cause of action in negligence.
Accordingly, the order of dismissal is reversed and the cause remanded for further proceedings consistent with this opinion.
CAMPBELL, A.C.J., and SCHOONOVER, J., concur.