PARKER, Judge.
Florida Power Corporation appeals the denial by the trial court of its motion for directed verdict in a personal injury action instituted by Thomas McCain against Florida Power. We reverse.
McCain was injured when the blade on the mechanical trencher he was operating struck an underground Florida Power energized electrical line. The present lawsuit was filed by McCain to recover for those injuries resulting in a jury verdict for McCain in the amount of $175,000, which includes a reduction of the damages by thirty percent upon a finding of comparative negligence by McCain.
Florida Power argues the evidence was insufficient to show McCain suffered an electrical shock by virtue of this contact. We disagree with that argument because the jury could have reached the verdict it did based upon the testimony of McCain and his medical witnesses. However, in his case in chief, McCain produced no evidence that Florida Power could foresee an injury from a trencher severing this underground cable. To the contrary, the only evidence before the trial court at the close of McCain’s case seemed to negate the element of foreseeability. Edward Lawlor, a Florida Power employee of eight years, testified on cross examination that the electrical cable involved in McCain’s accident was constructed in such a way as to deen-ergize immediately upon the trencher blade making contact with the cable. Lawlor explained that at the moment the cable is severed, the electric current flowing through the cable runs back to the fuse located at a nearby terminal pole, blowing the fuse. Lawlor further stated that he knew of more than fifty cuts of electrical underground cable by trenching or digging machines, and he was not aware of a single instance in which the severing of a primary *1270 cable as occurred here resulted in the person utilizing the trencher receiving an electrical shock.
Upon Florida Power’s motion for a directed verdict at the close of McCain’s case, Florida Power pointed out that no witness had testified to any knowledge by Florida Power that a severance of this type of power cable could cause an electrical shock. In its argument on that motion, Florida Power noted that McCain had the opportunity to call a witness that would establish this element of foreseeability in his negligence action and that McCain failed to do so. The trial court denied Florida Power’s motion.
During the oral argument in this appeal, McCain’s attorney argued that the element of foreseeability on the part of Florida Power was established through the cross examination of Tommy Byrd, a supervisor, with Florida Power, who was called as a witness by Florida Power during its case. Although Byrd’s testimony may provide limited support for McCain’s position on the issue of foreseeability, we cannot consider it since this testimony was received after Florida Power’s motion for directed verdict should have been granted. For the same reason, we cannot consider the testimony of McCain’s rebuttal witness, Dr. Paris Wiley, as a basis for establishing the foreseeability element of McCain’s claim.
We, therefore, reverse the denial of Florida Power’s motion for a directed verdict made at the close of McCain’s case in chief. At that juncture in the trial, McCain had produced no evidence that Florida Power reasonably could have foreseen any injury resulting from a trencher severing this type of power cable.
The essential elements of negligence from which liability will flow are duty, breach of duty, legal cause, and damage. Florida Power & Light Co. v. Lively, 465 So.2d 1270 (Fla. 3d DCA 1985), review denied, 476 So.2d 674 (1985) (quoting W. Prosser, Torts § 30, at 143 (4th ed. 1979)). In discussing duty, the Lively court stated:
The term duty has been criticized as a ‘... shorthand statement of a conclusion, rather than an aid to analysis in itself.’ Prosser, supra, at p. 325. No universal test has ever been formulated, however one recognized definition of “duty” is the existence of a relationship between individuals which imposes upon one the legal obligation to conform to a standard of reasonable conduct so as to protect the other from foreseeable and unreasonable risks of harm. Prosser, supra, at pp. 143, 324. Whether a duty exists is a question of law for the court. Prosser, supra, at p. 206. The issue of breach of duty is often considered a question for the jury, unless only one reasonable conclusion may be drawn from the facts in evidence. See Rice v. Florida Power and Light Company, 363 So.2d 834 (Fla. 3d DCA 1978). Bayman v. Clearwater Power Co. Inc., 15 Wash.App. 566, 550 P.2d 554 (1976). ‘If no reasonable duty was abrogated, as a matter of law, no negligence [can] be found.’ Rice v. Florida Power and Light Company, supra. FPL contends that under the evidence elicited below, there was no duty or breach of duty as a matter of law.
Lively, 465 So.2d at 1273.
In Webb v. Glades Electric Cooperative, Inc., 521 So.2d 258 (Fla. 2d DCA 1988), this court stated:
The foreseeability of an injury is a prerequisite to the imposition of a duty upon a defendant. Firestone Tire & Rubber Co. v. Lippincott, 383 So.2d 1181 (Fla. 5th DCA 1980). A foreseeable consequence is one which a prudent man would anticipate likely to result from an act. Id. ‘[I]t is not necessary that the exact nature and extent of the injury, or the precise manner of its occurrence, be foreseen; rather, it is essential only that some injury occur in a generally foreseeable manner as a likely result of the negligent conduct.’ Guyton v. Colvin, 473 So.2d 266, 267 (Fla. 1st DCA 1985).
Webb, 521 So.2d at 259-60.
In Rice v. Florida Power and Light Co., 363 So.2d 834 (Fla. 3d DCA 1978), cert. denied, 373 So.2d 460 (Fla.1979), the court discussed reasonable foresight by an electric company:
*1271 An electric company ‘is under an obligation to do all that human care, vigilance and foresight can reasonably do, consistent with the practical operation of its plant, to protect those who use its electricity,’ but it is not an insurer against all possible accidents. Escambia County Electric Light & Power Co. v. Sutherland, 61 Fla. 167, 55 So. 83, 91 (1911). Accord, Florida Power Corporation v. Willis, 112 So.2d 15 (Fla. 1st DCA 1959).
As noted by the Supreme Court of Florida long ago:
‘[E]ven where the highest degree of care is demanded, ... the one from whom it is due is bound to guard only against those occurrences which can reasonably be anticipated by the utmost foresight....’ [I]f men went about to guard themselves against every risk ... which might ... be conceived as possible, human affairs could not be carried on at all. The reasonable man, then, to whose ideal behavior we are to look as the standard of duty, will neither neglect what he can forecast as probable, nor waste his anxiety on events that are barely possible. He will order his precaution by the measure of what appears likely in the known course of things.’
Stark v. Holtzclaw, 90 Fla. 207, 105 So. 330, 332 (1925).
[[Image here]]
A review of Florida cases in which potential liability of a supplier of electricity for negligence has been supported reveals that they have often involved circumstances in which the defendant knew or should have known, at the time the lines were installed, of a foreseeable danger, e.g. Stark v. Holtzclaw, supra; Hardware Mutual Casualty Company v. Tampa Electric Company, supra [60 So.2d 179 (Fla.1952)]; Simon v. Tampa Electric Company, 202 So.2d 209 (Fla. 2d DCA 1967), or situations in which the defendant power company had superior knowledge of a hazard, e.g. Ahearn v. Florida Power & Light Company, 129 So.2d 457 (Fla. 2d DCA 1961).
Rice, 363 So.2d at 838.
Although there are cases which hold that the question of foreseeability is for the trier of fact (see Crislip v. Holland, 401 So.2d 1115 (Fla. 4th DCA 1981), review denied, 411 So.2d 380 (1981)), this court in City of Sarasota v. Eppard, 455 So.2d 623 (Fla. 2d DCA 1984), review denied, 462 So.2d 1106 (Fla.1985) reversed a trial court which had denied a defendant’s motion for a directed verdict, stating:
We agree that if a municipality has actual or constructive knowledge of a dangerous condition, it has a duty to warn the public of, or protect them from, such a condition. (Citations omitted.) But even where there is a duty to exercise the highest degree of care, the possessor of the duty is required to guard against only those occurrences that can reasonably be anticipated through use of the utmost foresight. Stark v. Holtzclaw, 90 Fla. 207, 105 So. 330 (Fla.1925).
Eppard, 455 So.2d at 624.
Under the case law cited above, McCain’s burden in his case in chief was to produce some evidence that Florida Power could foresee that McCain’s trencher striking this power cable would injure McCain. As previously stated, McCain produced no such evidence before Florida Power’s first motion for directed verdict. Because of McCain’s failure to offer a critical element of proof in his initial presentation of evidence, Florida Power’s motion for directed verdict should have been granted.
In so ruling, we have not overlooked McCain’s argument at the trial level and in this appeal that an employee of Florida Power undertook the task of marking the location of the underground power cable which McCain struck with the trencher, and that McCain relied upon those markings in conducting his digging in the area. Although Florida Power and its employee had a duty to exercise reasonable care in the locating of the cable, a failure in that duty does not somehow establish that Florida Power could foresee an electric shock injury resulting from the cable being struck and severed.
For these reasons, we vacate the jury’s verdict for McCain, and remand with in *1272 structions to the trial court to direct a verdict for Florida Power upon its initial motion.
Reversed and remanded with instructions.
CAMPBELL, C.J., concurs.