THREADGILL, Judge,
dissenting.
I respectfully dissent. I would affirm the final judgment and the jury verdict finding that Florida Power was negligent. The evidence presented by the plaintiff during its case in chief was sufficient to withstand the motion for directed verdict and the issue of foreseeability was a question for the jury.
In Webb v. Glades Electric Cooperative, Inc., 521 So.2d 258 (Fla. 2d DCA 1988), cited in the majority opinion, this court held that “a foreseeable consequence is one which a prudent man would anticipate likely to result from an act (citation omitted). [I]t is not necessary that the exact nature and extent of the injury, or the precise manner of its occurrence, be foreseen; rather, it is essential only that some injury occur in a generally foreseeable manner as a likely result of the negligent conduct.” 521 So.2d 259-60, quoting Guyton v. Colvin, 473 So.2d 266, 267 (Fla. 1st DCA 1985).
The majority concludes that there was no evidence in the plaintiffs case in chief that this injury was foreseeable. There was, however, evidence that when the blade of the trencher hit the energized cable, the plaintiff was knocked unconscious and suffered injuries resulting from electrical shock.
I agree with the trial court’s conclusion that it cannot be held “as a matter of law that Florida Power could not foresee that if an insulated electrical line carrying 7,200 volts of electricity were cut by a mechanical device the operator of the device might receive an electrical shock and an accompanying injury.” Generally, foreseeability is a question of law, but where, as here, reasonable persons can differ as to whether a particular injury was foreseeable, it becomes a question of fact for the jury. See City of Jacksonville v. Raulerson, 415 So.2d 1303 (Fla. 1st DCA 1982), petition for review denied, 424 So.2d 760 (Fla.1982). The jury, applying the Webb test, could properly conclude without express testimony that this injury was foreseeable, despite the fact that such an accident had never before occurred.
Accordingly, I would affirm the jury verdict and the final judgment in favor of appellees.