683 So.2d 1115 (1996)
Gregory SCORZA, Appellant,
v.
Alfredo MARTINEZ and Worldwide Primates, Inc., Appellees.
No. 95-4146.
District Court of Appeal of Florida, Fourth District.
December 4, 1996.
Peter Ticktin and Robert Benenson of Peter Ticktin, P.A., Boca Raton, for appellant.
Richard A. Sherman and Rosemary B. Wilder of Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, and D. Brent Davis of Ligman, Martin, and Evans, P.A., Fort Lauderdale, for Appellee-Worldwide Primates, Inc.
*1116 STEVENSON, Judge.
The plaintiff below appeals a final summary judgment for the defendant in a personal injury suit for damages caused by an escaped macaque monkey. Because genuine issues of fact exist concerning the foreseeability of the injury, we reverse the summary judgment on the negligence issue; we affirm with respect to the issue of strict liability because parties other than the defendant had acquired possession and control of the monkey at the time of the injury.
Worldwide Primates, Inc. is a breeder of monkeys and other primates. When Hurricane Andrew hit South Florida in August of 1992, Worldwide's primates' cages were damaged, and a number of primates escaped. A macaque monkey was among the escapees. The monkey was captured by a Mr. Gomez and later sold to a Mr. Martinez. Gregory Scorza, the appellant and plaintiff below, purchased the monkey from Martinez for use in his business of photographing people with exotic creatures, such as snakes and large birds. Martinez told Scorza that the monkey was a capuchin monkey and "a sweetheart." Scorza purchased the monkey for $500 and took it home. Once at home, Scorza attempted to remove the monkey from its cage and was bitten.
Scorza then took the monkey to a veterinarian who informed Scorza that the monkey was actually a macaque monkey, a mildly aggressive breed known for carrying the Herpes "B" virus. The vet noticed the monkey's tattoos and notified the Florida Game and Fresh Water Fish Commission, which impounded the monkey. The Commission discovered that the monkey had escaped from Worldwide's facility, and they returned it there.
Scorza brought a lawsuit against Martinez and Worldwide, but Martinez defaulted. Worldwide answered and moved for summary judgment as to the two counts concerning them. The first count of Scorza's complaint alleged that Worldwide was negligent in leaving the monkey outside during the hurricane and in not undertaking reclamation efforts quickly enough to recapture the monkey. The second count alleged that Worldwide, as the owner of the monkey, was strictly liable for any injury caused by the animal.
Worldwide's motion for summary judgment alleged that the actions of Gomez, Martinez and Scorza were independent, intervening acts sufficient to break the chain of causation, and therefore, Worldwide's actions could not be the proximate cause of Scorza's injuries. Worldwide also argued that it was no longer the owner of the monkey due to Scorza's purchase and, therefore, was not strictly liable for the injuries the monkey inflicted upon Scorza. The trial judge presumably agreed with Worldwide's arguments because, without written comment, it ordered summary judgment in Worldwide's favor.

NEGLIGENCE
We hold that the trial court erred in granting summary judgment in favor of Worldwide on the negligence issue. The determination of whether a defendant's responsibility has been superseded by an abnormal intervening force is generally a matter for the finder of fact.
The extent of the defendant's duty is circumscribed by the scope of the anticipated risks to which the defendant exposes others. In order to prevail in a lawsuit, the plaintiff must demonstrate that he is in the zone of risks that are reasonably foreseeable by the defendant. The liability of the tortfeasor does not depend upon whether the negligent acts were the direct cause of the plaintiff's injuries, as long as the injuries incurred were the reasonably foreseeable consequences of the tortfeasor's conduct. Concord Florida, Inc. v. Lewin, 341 So.2d 242 (Fla. 3d DCA 1976). If the harm that occurs is within the scope of danger created by the defendant's negligent conduct, then such harm is a reasonably foreseeable consequence of the negligence. The question of foreseeability and whether an intervening cause is foreseeable is for the trier of fact. Gibson v. Avis Rent-A-Car System, 386 So.2d 520 (Fla. 1980).
Crislip v. Holland, 401 So.2d 1115, 1117 (Fla. 4th DCA), review denied sub. nom. City of Port Pierce v. Crislip, 411 So.2d 380 (Fla. 1981).
*1117 In the instant case, the trier of fact must determine whether Worldwide should have reasonably foreseen that some person would come into dangerous contact with the monkey if it escaped. The trier of fact will also have to determine whether the particular intervening forces in this case (the actions of Gomez, Martinez and Scorza) were so abnormal that they should serve to supersede Worldwide's responsibility. It is not necessary that Worldwide would have anticipated the exact manner in which the injury to Scorza occurred. "[T]he particular method of injury is irrelevant to the determination of whether the occurrence is reasonably foreseeable...." 401 So.2d at 1117.

STRICT LIABILITY
We next turn to the strict liability count. The owner, keeper, or possessor of a wild animal is strictly liable if the animal injures another. Isaacs v. Powell, 267 So.2d 864 (Fla. 2d DCA 1972), overruled on other grounds by Donner v. Arkwright-Boston Mfrs. Mut. Ins. Co., 358 So.2d 21 (Fla.1978). Furthermore, "[i]f the animal is one of a class that is not indigenous to the locality, its escape does not prevent its possessor from being liable for the harm done by the animal no matter how long after its escape; in this case the risk of liability continues until some third person takes possession of the animal." RESTATEMENT (SECOND) OF TORTS § 507 cmt. d (1977)(emphasis added). Scorza had taken possession of the monkey at the time of the injury, and for the purposes of strict liability, Worldwide was not responsible for the monkey at that time. Therefore, the trial court was correct in granting summary judgment in favor of Worldwide on the strict liability count.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
GLICKSTEIN, J., and BROWN, LUCY C., Associate Judge, concur.