**JOHN H. MYRICK, doing business as John H. Myrick & Company, v. WAYNE LLOYD, a minor by his next friend, R. H. LLOYD.**

27 So. (2nd) 615           June Term, 1946
October 22, 1946           Division A

48

*Fisher, Fisher, Hepner & Fitzpatrick, William Fisher, Jr.,*
for appellant.

*F. Churchill Mellen,* for appellee.

ADAMS, J.:

The basis of the judgment before us is that one James C. Myrick ran his automobile over the plaintiff, a minor child. James C. Myrick, the owner and driver of the car, is the son and also an employee of the defendant. Just after the injury the police authorities arrived and the defendant requested that his son not be arrested saying that he would take care of everything. The injured boy was sent to the hospital. James C. Myrick and the defendant informed the injured boy's parents of the accident and by direction of defendant, James C. Myrick took the parents to the hospital. While enroute to the hospital James C. Myrick told the parents it was his fault and not the fault of their son. This statement was made out of the presence of defendant and was received in evidence over his protest.

Judgment was recovered against the father, John H. Myrick. The first question which we shall discuss is: was James C. Myrick the agent of the defendant and did he commit the tort while acting within the scope of such agency? We answer this in the affirmative. We would not be warranted in vacating the jury's verdict which gained the approval of the trial judge because the evidence disclosed that

the father was in the wholesale grocery business and had his son in his employ. The son's duties required that he go out and sell merchandise and collect for it, and perform such other duties as his father (employer) might direct. On the day of the accident the defendant father required transportation in the City of Pensacola and left word at his office for some of his employees to come for him. Pursuant to the father's directions, the son went for him and while taking him to his destination this accident occurred. It was the son's automobile, however it was being used by him in behalf of his father's business and pursuant to his employment. Under these facts the jury was within its right in finding for the plaintiff on the question of agency.

The next question is whether there was reversible error committed by admitting in evidence the statement which the son made to the boy's parents enroute to the hospital wherein the son took the blame for the accident. It is strenuously urged that inasmuch as the father was not present this testimony was inadmissible. The plaintiff insists that even if there should be error in the admission it was harmless error because of the statement which the father had previously made to the police officers and to the boy's parents. Our first consideration is whether the statement was admissible. The best authority, to our mind, is found in Wigmore on Evidence, Vol. IV, Sec. 1078, page 119:

"He who sets another person to do an act in his stead as agent is chargeable in substantive law by such acts as are done under that authority; so too, properly enough, admissions made by the agent in the course of exercising that authority have the same testimonial value to discredit the party's present claim as if stated by the party himself."

We recognize a conflict of authority on this question however we have chosen the above as the more practical and liberal rule. The purpose here was not to prove agency. That fact had already been established. When this statement was made the status of principal and agent continued. It is a fact that the agent was acting pursuant to express authority and direction of the principal when the statement was made. It is also a fact that the statement had reference to matters

occurring within the scope of his employment. When so acting the agent was acting for the principal who might have made such an admission himself against his own interest. It is our conclusion that in this case the statement was admissible. See Greenleaf on Evidence, Vol. 1, Sec. 184c, page 308, and United American Fire Insurance Company v. American Bonding Company of Baltimore, 146 Wis. 573, 131 N.W. 994.

We find no error in the record requiring a change in the judgment, the same is affirmed.

CHAPMAN, C. J., TERRELL and BUFORD, JJ., concur.