112 So.2d 885 (1959)
MONTGOMERY WARD & CO., Inc., a corporation, Appellant,
v.
Walter L. ROSENQUIST and Louise Rosenquist, his wife, Appellees.
No. 884.
District Court of Appeal of Florida. Second District.
May 22, 1959.
Rehearing Denied June 25, 1959.
Henry F. Lilienthal, of Gedney, Johnston & Lilienthal, West Palm Beach, for appellant.
Joel T. Daves, III, of Paty, Downey & Daves, West Palm Beach, for appellees.
SHANNON, Judge.
The appellant was defendant below in a suit brought by husband and wife, appellees, which resulted in a jury verdict for the plaintiffs. From the record it appears that in December 1956 the plaintiff, Louise Rosenquist, sustained injuries as a result of falling on stairs immediately inside the door at the service department entrance of defendant's store in West Palm Beach. The complaint charged that the entrance-way was unsafe for public use in that there was a sharp drop of about two feet from the street level to the floor of the repair shop, and the visibility was poor therein, which fact was known or should have been known by the defendant. The complaint further charged that as plaintiff stepped into the repair shop she was unable to see the drop-off and fell to the floor, causing her injuries. The record shows that there were some steps, which were of a dark and similar color to the floor, leading down from the doorway to the floor of the repair shop. The record also shows that the focal point around which this case was tried was whether a sign on the outside *886 of the door read "Please open the door  Step down," according to the defendant's evidence, or "Open  Come in," as contended by the plaintiffs. The trial court, over defendant's objections, allowed in evidence a transcript of a statement made nine days after the accident by defendant's assistant manager, who had been in charge of the premises. This transcript showed that the assistant manager had stated to plaintiff's attorney that there had been a warning sign on the door but that it had washed off in the weather and was not there at the time of the accident. The jury's verdict for Louise Rosenquist was $10,500 and for derivative damages for her husband was $9,500. On motions after the verdict the trial court reduced Walter L. Rosenquist's verdict to $6,500 by way of remittitur. The defendant has taken an appeal from each of the two verdicts and poses but two questions to this court. One of its questions is whether the trial court committed prejudicial error by receiving in evidence over defendant's objections the notes of an unauthorized interview of the defendant's employee, the assistant manager, concerning the sign on the door at the time of the accident. The second question is whether the verdicts are excessive. We shall treat these questions in the order in which they have been stated.
At the time of the trial the assistant manager was out of the state, and his deposition was not taken. A court reporter, C.E. Jones, was called as a witness and testified that he had taken in shorthand and transcribed the statement of the assistant manager at the request of plaintiffs' attorney, but that he had no present recollection of what the assistant manager had said. However, he did recall that he had taken the statement, and he testified that he had carefully and accurately transcribed it. On Jones' testimony the written statement, unsigned by the assistant manager, was allowed to go to the jury. The statement said in part that "before the accident we had decals up there but they weathered off sometimes * * * we put up a temporary sign, it was made out of a little piece of masonite with a decal on it, and by Monday morning it was half off again from the moisture", and admitted that at the time of the accident there was no sign warning of the step down. Inasmuch as the presence or absence of the sign was one of the vital points in this case, it can be easily seen that this statement was, or may have been, the determining factor in the jury's rendition of the judgment. The question we must decide, therefore, is whether the agent's statement is admissible in evidence and whether, if admissible, the method of receiving it was proper. We shall treat this as a joint question.
The courts of this country are somewhat in conflict on the question of whether an agent's statements, which are vicarious admissions against the interests of his principal, are admissible in evidence in an action against the principal by a third party. If such an admission were made by the principal himself, it would be clearly admissible as an exception to the hearsay rule. This question, therefore, turns upon the rules of agency and whether the agent was acting within the scope of his authority.
We think that in their many conflicting opinions the various courts of this country have developed three different rules. One of these rules allows the evidence if the agent was authorized by the principal to make statements for him concerning the subject matter of the statement. A second rule will allow the agent's admission if the statement concerned a matter within the scope of his agency and was made before the termination of the agency. A third rule adds to the former two rules the requirement that the statement be a part of the res gestae. It is very obvious that the first rule is far more strict than the second because it requires the agent to have express statement-making authority. The second rule does not require such authority to have been expressly granted but implies it from the agent's authority or employment with the subject matter of the *887 statement. It is this second rule, in view of the Florida holdings, with which we are concerned.
In Myrick v. Lloyd, 158 Fla. 47, 27 So.2d 615, 616, we think the Supreme Court of Florida has answered one phase of the defendant's question. In that case a father was being driven on a business trip by his son, who was also his employee, when the son ran over a boy. After the accident the father directed the son to take the boy's parents to the hospital. While en route to the hospital the son told the parents of the injured boy that the accident was his own fault and not the fault of their boy. The Supreme Court held that the son was the agent of the father and the statements of admission made to the parents was admissible against the father. The court said, in part, as follows:
"* * * The best authority, to our mind, is found in Wigmore on Evidence, Vol. IV, Sec. 1078, page 119: `He who sets another person to do an act in his stead as agent is chargeable in substantive law by such acts as are done under that authority; so too, properly enough, admissions made by the agent in the course of exercising that authority have the same testimonial value to discredit the party's present claim as if stated by the party himself.'
"We recognize a conflict of authority on this question; however we have chosen the above as the more practical and liberal rule. The purpose here was not to prove agency. That fact had already been established. When this statement was made the status of principal and agent continued. It is a fact that the agent was acting pursuant to express authority and direction of the principal when the statement was made. It is also a fact that the statement had reference to matters occurring within the scope of his employment. When so acting the agent was acting for the principal who might have made such an admission himself against his own interest. It is our conclusion that in this case the statement was admissible. * * *."
The court held in accordance with the second rule stated above, and its opinion is ample authority for admission of the statement with which we are concerned, notwithstanding the fact that the statement in the instant case was made nine days after the accident.
On the other aspect of the question, which we may term as "a past recollection recorded", 4 Jones Law of Evidence, 5th Ed., 1958, § 974, states the prevailing law:
"Where the witness, after having examined the memorandum, cannot testify to an existing knowledge of the facts, independently of the memorandum, but can testify that, at or about the time when the writing was made, he knew of its contents and of its truth or accuracy, the memorandum is admissible as the recorded memory of the witness. This is now the well established rule except in a few jurisdictions which still do not make the distinction between recorded memory and refreshing memory and do not recognize the necessity for the writing as evidence where memory has failed."
Professor Wigmore has a very lucid treatise on this principle in his Third Edition 1940, Wigmore on Evidence, § 734, et seq. On examination the witness in the present case answered that he had no present recollection, aside from the transcript, of what had been said by the assistant manager, but that he made the transcript from his shorthand notes of what the assistant manager had said. In view of the authorities that we have cited we feel that the receiving in evidence of the memorandum containing the assistant manager's admissions against the interest of the defendant was proper.
*888 Concerning the defendant's point as to the excessiveness of the judgments, we have studied the record, and, while we are satisfied that the jury did not err on the side of inadequacy, the defendant has failed in its efforts to make error clearly appear.
Affirmed.
KANNER, C.J., and ALLEN, J., concur.