309 So.2d 54 (1975)
WRIGHT FRUIT COMPANY, INC., Appellant,
v.
Wayne Walter MORRISON, As Administrator of the Estate of Kathleen B. Morrison, Deceased, Appellee.
James HUGGER et al., Appellants,
v.
Wayne Walter MORRISON, As Administrator of the Estate of Kathleen B. Morrison, Deceased, Appellee.
Nos. 74-244, 74-245.
District Court of Appeal of Florida, Second District.
February 19, 1975.
Rehearing Denied March 18, 1975.
Miller & Sweat, Lakeland, and Edward M. Waller, Jr., of Fowler, White, Gillen, Boggs, Villareal & Banker, Tampa, for appellants.
Wagner, Cunningham, Vaughan, Hapner, May & Genders, Tampa, and Podhurst, Orseck & Parks, Miami, for appellee.
SCHEB, Judge.
Appellants/defendants appeal from judgments entered in favor of appellee/plaintiff upon jury verdicts awarding compensatory and punitive damages.
Kathleen Morrison, age 46, was fatally injured in a collision which occurred when her automobile was struck by a bus driven by appellant Wright's agent, James Hugger, and used for transporting fruit pickers to groves. Appellants admitted liability for compensatory damages but denied any responsibility for punitive damages.
Appellants raise several points on appeal relating principally to the amount of compensatory *55 damages awarded and the propriety of the award of punitive damages; however, we find only one point which merits discussion. This relates to whether the trial court erred in admitting testimony of two police officers who, over appellants' objection, testified that after the accident, Hugger, driver of appellant Wright's bus, made a statement that on the Friday before the accident he had told the president of the appellant company that the bus had defective brakes and that he and the president had looked at the brakes together and had observed the leaking brake fluid.
There was, in fact, additional evidence which served as a predicate for the jury's award of punitive damages; however, central to appellants' contention is that Hugger's statement to the police, made subsequent to the accident and during the investigation at the police station, was hearsay and should have been excluded.
Hugger's statement was an admission by an agent and therefore an exception to the hearsay rule. Myrick v. Lloyd, 1946, 158 Fla. 47, 27 So.2d 615; Lan-Chile Airlines, Inc. v. Rodriguez, Fla.App.3d 1974, 296 So.2d 498; Thee v. Manor Pines Convalescent Center, Fla.App. 4th 1970, 235 So.2d 64; Montgomery Ward & Co. v. Rosenquist, Fla.App.2d 1959, 112 So.2d 885; Gordon v. Hotel Seville, Fla.App.3d 1958, 105 So.2d 175.
Appellants claim the case sub judice is distinguishable in that Hugger was not acting within the scope of his employment at the time he made the statement. However, this court has held that the exception applies if the agent's statement concerned a matter within the scope of his agency and was made before the termination of the agency. Montgomery Ward & Co. v. Rosenquist, supra. This formulation is in accord with the current trend, see McCormick, Evidence, § 267 (2d Ed. 1972) at Pg. 641, and is ample support for admitting Hugger's statement. Although the record does not indicate whether Hugger had been discharged from employment before the statement was made, nevertheless, an agency relation is presumed to continue in the absence of anything to show its revocation or termination. 3 Am.Jur.2d, Agency, § 349. Finally, Big Mack Trucking Co., Inc. v. Dickerson, Tex. 1973, 497 S.W.2d 283, cited by counsel during oral argument is not persuasive since Florida, unlike Texas, does not require that the statement by an agent be authorized by the employer in order for it to be admissible as an exception to the hearsay rule.[1]
Finding no error, the judgments of the trial court are affirmed.
McNULTY, C.J., and HOBSON, J., concur.
NOTES
[1] Cf. Proposed Florida Evidence Code, H.B. 3670 (Reg.Sess. 1974), Sponsors' note at 141-42.