P. R. & S., INC., Appellant,

v.

Mike PELLACK, Ivan M. Pellack, and Floyd Pellack, Appellees.

No. 3596.

Supreme Court of Alaska.

Aug. 11, 1978.

Douglas Pope, Anchorage, for appellant.

---

James S. Crane and James M. Morgan, Johnson, Christenson & Glass, Anchorage, for appellees.

## OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

PER CURIAM.

The question in this case concerns the admissibility of testimony relating to out of court statements made by an employee of appellant as to the terms of appellees' contract of employment. A statement by an agent or employee on a matter within the scope of his agency or employment, made during the existence of the relationship, is an admission of a party opponent, and, as such, an exception to the rule excluding hearsay testimony.[1] Here there was evidence that the employee was a superintendent with the power to hire and that his statements were made while he was so employed by appellant. Testimony concerning his statements was therefore properly admitted.

AFFIRMED.

---

1. Federal Rule of Evidence 801(d)(2)(D) provides:

    (d) Statements which are not hearsay. A statement is not hearsay if . . .

    (2) Admission by party-opponent. The statement is offered against a party and is

    (D) a statement by his agent or servant concerning a matter within the scope of his agency or employment, made during the existence of the relationship; . . .

*Gagliardi v. Flint*, 564 F.2d 112, 116 (3rd Cir. 1977); *Wright Fruit Co., Inc. v. Morrison*, 309 So.2d 54, 55 (Fla.App.1975), *cert. denied*, 316 So.2d 291 (Fla.1975); *Bobo v. Sears, Roebuck & Co.*, 308 So.2d 907, 910 (La.App.1975); *cf. Gilmour v. Strescon Industries, Inc.*, 66 F.R.D. 146,.149–150 (1975).

The proposed Alaska Rule of Evidence 801(d)(2)(D) is identical to the federal rule.