455 So.2d 623 (1984)
CITY OF SARASOTA, Appellant,
v.
Brenda K. EPPARD, Appellee.
No. 83-1883.
District Court of Appeal of Florida, Second District.
September 12, 1984.
Douglas P. Lawless of Hereford, Taylor & Lawless, Sarasota, for appellant.
Michael R. Karp of Wood, Whitesell, Karp, Wellbaum, Miller & Seitl, P.A., Sarasota, for appellee.
SCHOONOVER, Judge.
The City of Sarasota, Florida, has appealed from an adverse final judgment in a personal injury action. We find that appellant did not breach any duty owed to the appellee, Brenda K. Eppard, and therefore reverse.
This action arose out of an automobile accident occurring in Sarasota, Florida, at approximately 5:00 a.m. on September 20, *624 1979. Appellee and her two passengers were on their way home from an all-night bottle club when appellee drove her car into a bridge controlled and maintained by appellant.
At the location of the accident, a curb ran parallel to the road approaching the bridge, and a grass shoulder dropped off from the roadway down into a bayou. The City of Sarasota possessed, controlled, and maintained the bridge, road, curb, and shoulder for approximately twenty years prior to the accident. During that time the city did not make any changes within one hundred feet of the bridge.
All accidents within the city of Sarasota were reported to the city's engineering department. For the more than seventeen years that the city engineer was employed by the city, the department received no reports of any other accidents occuring at the heavily traveled location.
During the course of the trial, appellee testified that she was familiar with the area but that at the time of the accident she did not notice the thirty-six inch guardrail on the bridge or the bridge itself. She also testified that she did not jump the curb with her automobile but apparently veered off to the right and hit the railing. Her two passengers did not testify.
Appellee's expert testified that in his opinion the automobile, while approaching the bridge, went off the edge of the roadway over the curb, and its wheels dropped into a depressed area. This action prevented appellee from recovering control. The curb then guided the automobile into the bridge abutment.
Appellant's motion for a directed verdict at the close of appellee's case-in-chief, renewed at the close of all the evidence, was denied. Thereafter, the jury returned a verdict in favor of appellee. Appellant then filed a timely notice of appeal from the judgment entered pursuant to the jury's verdict.
We find the trial court erred in denying appellant's motion for directed verdict. Appellee claims that the city breached its duty to warn her of a dangerous condition that was created due to, among other things, the city's failure to install proper warning devices and failure to keep the grass at a height that would prevent obstruction of a driver's view. We agree that if a municipality has actual or constructive knowledge of a dangerous condition, it has a duty to warn the public of, or protect them from, such a condition. City of St. Petersburg v. Collom, 419 So.2d 1082 (Fla. 1982); Department of Transportation v. Neilson, 419 So.2d 1071 (Fla. 1982); Town of Belleair v. Taylor, 425 So.2d 669 (Fla. 2d DCA 1983); State, Department of Transportation v. Manning, 288 So.2d 289 (Fla. 2d DCA 1974), cert. denied, 295 So.2d 307 (Fla. 1974); City of Jacksonville v. DeRay, 418 So.2d 1035 (Fla. 1st DCA 1982), cert. denied, 429 So.2d 5 (Fla. 1983); Hodges v. City of Winter Park, 433 So.2d 1257 (Fla. 5th DCA 1983), cert. denied, 444 So.2d 416 (Fla. 1984). But even where there is a duty to exercise the highest degree of care, the possessor of the duty is required to guard against only those occurrences that can reasonably be anticipated through use of the utmost foresight. Stark v. Holtzclaw, 90 Fla. 207, 105 So. 330 (1925).
Assuming arguendo that the city did have a duty as discussed above, the city can only be held liable if it failed to take reasonable precautions to prevent foreseeable injury. The city cannot be held liable for highly unusual, extraordinary, or bizarre consequences, Stahl v. Metropolitan Dade County, 438 So.2d 14 (Fla. 3d DCA 1983). We decline to impose a continuing duty upon the city to protect against unlikely activity. See Rice v. Florida Power & Light Co., 363 So.2d 834 (Fla. 3d DCA 1978), cert. denied, 373 So.2d 460 (Fla. 1979).
The question in the case sub judice is whether the appellee's injury was a foreseeable consequence of a danger created by a negligent act or omission on the part of the city. In order for the appellee to prove negligence on the part of the city, she would have had to prove that the city *625 could have foreseen that someone driving an automobile would be injured by leaving a roadway, driving over a curb that runs parallel to a bridge abutment, and being directed into a bridge by the curb's assumption of control over the automobile. We hold that the city cannot be expected to have anticipated someone being injured in such a manner. See General Telephone Co. of Florida, Inc. v. Mahr, 153 So.2d 13 (Fla. 2d DCA 1963). Although an injury of this type arising out of the city's negligence was perhaps possible, it was not probable.
Although foreseeability as related to the question of proximate cause must be distinguished from foreseeability as related to the determination of whether a duty exists, we find that from the standpoint of either duty or proximate cause, the actions of the city were insufficient to impose liability for appellee's injuries. See Cassel v. Price, 396 So.2d 258 (Fla. 1st DCA 1981), cert. denied, 407 So.2d 1102 (Fla. 1981).
Accordingly, the appellant breached no duty owed to the plaintiff. We therefore reverse and remand with instructions to enter a final judgment for the appellant.
GRIMES, A.C.J., and CAMPBELL, J., concur.