DOWNEY, Judge.
Appellants, mother and daughter, seek reversal of a final judgment entered upon a jury verdict in favor of appellee, school board.
The action arose out of a slip and fall incident involving the daughter while she was on school grounds owned by the school board. As the daughter was leaving school on the day in question, she walked through the cafeteria, slipped, fell, and injured herself. Although she testified she saw no dangerous condition as she approached the area involved, she knew there was water on the floor because she fell on her back and her shirt was wet after the fall. In addition, she saw a bucket nearby with a mop in it. The mother was called to the school immediately before the daughter was transported by ambulance to a hospital. She attempted to testify to her conversation with a school custodian but was prevented from doing so by appellee’s objection. Whereupon, appellant made a proffer of the evidence that showed that the mother had talked to a school custodian, who told her they failed to put up the ropes and signs generally used when cleaning the area; that they knew better — they knew they were supposed to have them up. Defense counsel objected on the grounds that this evidence was not admissible as an admission because the declarant was not an officer or executive of the defendant. The defendant contended that no matter who the declarant was it was not established that she spoke for the school board. The trial judge sustained the objection and excluded the evidence. That is the judicial error relied upon in this appeal.
The sole question for us to decide is whether the statement of an employee of the school board on a matter within the scope of his duties is admissible as an admission against the interests of his employer.
We find no support in the jurisprudence of this state to support appellee’s position that only statements of officials or persons in authority are admissible as admissions against interest of the employer. In Myrick v. Lloyd, 158 Fla. 47, 27 So.2d 615, 616 (1946), the Florida Supreme Court stated:
The best authority, to our mind, is found in Wigmore on Evidence, Yol. IV, Sec. 1078, page 119: “He who sets another person to do an act in his stead as agent is chargeable in substantive law by such acts as are done under that authority; so too, properly enough, admissions made by the agent in the course of exercising that authority have the same testimonial value to discredit the party’s claim as if stated by the party himself.”
That holding was followed in Montgomery Ward Company v. Rosenquist, 112 So.2d 885 (Fla. 2d DCA 1959). The latter case also points out the split of authority nationally and Florida’s endorsement of the more liberal view stated above.
With regard to appellee’s contention that the proffer did not prove the statement was made by an employee of the school board, we would cite to Thee v. Manor Pines Convalescent Center, Inc., 235 So.2d 64 (Fla. 4th DCA 1970). There, this court held that the witness’s identification of the declarant as an employee established that relationship prima facie and placed the burden of going forward and showing no agency upon the employer. While the proffer made here is no model, we believe it was sufficient to require ap- *1276 pellee to show that the alleged custodian was not an employee if that was the case.
Accordingly, we hold the trial court committed reversible error in not allowing the mother to testify to the statements of the custodian. Therefore, the judgment is reversed and the cause is remanded for a new trial.
REVERSED AND REMANDED.
ANSTEAD and LETTS, JJ., concur.