487 So.2d 331 (1986)
Esilda RIOS, Etc., et al., Appellants,
v.
Teresa JUNCO, Aldalberto A. Mastos, et al., Appellees.
Nos. 85-1336, 85-1565.
District Court of Appeal of Florida, Third District.
April 1, 1986.
Rehearing Denied May 19, 1986.
*332 Horton, Perse & Ginsberg and Edward Perse, Lawrence Rodgers, Miami, for appellants.
Joe N. Unger, Welsh & Telander and David Forbes, Miami, for appellees.
Before SCHWARTZ, C.J., and HENDRY and NESBITT, JJ.
SCHWARTZ, Chief Judge.
The appellants are a former Federal Drug Enforcement Agency officer and the estate of another who were shot and respectively injured and killed by narcotics offenders when an undercover operation went sour. They sued the present appellees, the owner and operator of the Miami motel where the shoot-out occurred, alleging that they had actual knowledge that numerous illegal drug transactions were taking place on their premises but negligently failed to prevent them. For numerous  independently dispositive  reasons, including the threshold absence of any actionable premises liability at all, see Vermont Mutual Insurance Co. v. Conway, 358 So.2d 123 (Fla. 1st DCA 1978) (no liability when plaintiff and landowner have equal knowledge of danger), the lack of any proximate relationship between the alleged negligence and the incident in question, e.g., Cone v. Inter County Telephone & Telegraph Co., 40 So.2d 148 (Fla. 1949); Pinkerton-Hays Lumber Co. v. Pope, 127 So.2d 441 (Fla. 1961), and the application of the fireman's rule, Smith v. Markowitz, 486 So.2d 11 (Fla. 3d DCA 1986) and cases cited,[1] it is self-evident that no cause of action existed under the circumstances as a matter of law and that the trial court therefore properly dismissed the amended complaint with prejudice.
Affirmed.
NOTES
[1] There would be no liability under these facts even in those jurisdictions which do not apply the fireman's rule as strictly as does Florida. W. Prosser & W. Keeton, The Law of Torts, § 61 nn. 44-45 & 53 (5th ed. 1984).