491 So.2d 1248 (1986)
Judith L. BUDET, Appellant,
v.
K-MART CORPORATION, Appellee.
No. 85-2625.
District Court of Appeal of Florida, Second District.
July 25, 1986.
*1250 Gary L. Wilkins of Wotitzky, Wotitzky, Wilkins, Frohlich & Jones, Port Charlotte, for appellant.
Stephen E. Hooper and Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, P.A., Fort Myers, for appellee.
SCHOONOVER, Judge.
Appellant, Judith L. Budet, appeals from a final summary judgment entered against her. We reverse.
Budet brought a negligence action against appellee, K-Mart Corporation, because of injuries she sustained in one of its stores. While shopping in the garden department of a K-Mart store in Charlotte County, Florida, Budet was struck by an oversized garden cart. An unknown customer had pushed the cart between two display tables, and as it entered the aisle in which Budet was standing, it struck her on the back of her leg causing her to fall onto and across the cart.
K-Mart moved for summary judgment on the grounds that its negligence, if any, was not the proximate cause of the accident and that there was an independent intervening cause of Budet's injuries. Depositions of three store employees were submitted at the hearing on K-Mart's motion. According to the deposition of the manager, the carts, referred to as "floats," were approximately three-feet wide, five-feet long, and one-and one-half-feet high. They were unwieldy and not easily controlled by someone who was unfamiliar with their operation. Some of the floats were customarily kept in the garden department area, but they were not to be used by customers because merchandise would be damaged as the floats were moved through the aisles. According to the deposition of an assistant store manager, the floats were to be used by employees in the storeroom, within the store to move merchandise, and in the garden department to assist stock people in loading large bags of fertilizer into customers' cars. The store did not want customers to use the floats because, in attempting to load bags of fertilizer onto floats, customers would pick up the bags incorrectly, and this would rip the bags and destroy merchandise. The cashier employed in the garden department, Linda Kraatz, testified by deposition that the floats were frequently and customarily used by customers to cart bigger merchandise such as plants and bags of fertilizer.
In addition to the deposition testimony, answers to interrogatories propounded by K-Mart were submitted to the court. In these answers, Budet stated that immediately after the accident, the employee who took her statement told her that the accident was not the fault of the lady who had moved the float, but was the fault of the employees who had placed the float in the store.[1] The trial court granted K-Mart's motion for summary judgment, and Budet filed a timely notice of appeal.
We agree that K-Mart did not carry its burden of proving the nonexistence of a genuine issue as to any material fact and its entitlement to a judgment as a matter of law. Fla.R.Civ.P. 1.510(c); Holl v. Talcott, 191 So.2d 40 (Fla. 1966).
As Budet was a business invitee, K-Mart owed her a duty to exercise reasonable care for her safety. Hall v. Billy Jack's, Inc., 458 So.2d 760 (Fla. 1984); Kolosky v. Winn Dixie Stores, Inc., 472 So.2d 891 (Fla. 4th DCA 1985), petition for review denied, 482 So.2d 350 (Fla. 1986). Although K-Mart is not an insurer of its customers' safety, K-Mart does have the duty to exercise ordinary care to keep its aisles and passageways in a reasonably safe condition, and this includes eliminating dangerous conditions of which it has actual or constructive notice. Kolosky. A store may be held liable on the basis of constructive notice if the condition is one that has existed for a sufficient length of time such that the owner should have known of it, *1251 regardless of whether the condition was created by a store employee or by an outsider. Kolosky. The evidence would support a finding that K-Mart knowingly left an oversized float, which it knew to be unwieldy and not easily controlled by someone unfamiliar with it, in a place where the float could be, and was, frequently and customarily used by customers. This was done even though the store had knowledge that its use by customers would likely result in damage to property and in spite of its policy not to allow customers access to the floats.
The trial court ruled that, as a matter of law, Budet's injuries were not the reasonably foreseeable consequence of K-Mart's negligence. K-Mart concedes that it could be foreseen that an injury "might" occur to a patron because of the floats, but contends that foreseeability is not what "might" possibly occur. In support of its argument K-Mart relies upon Heps v. Burdine's, Inc., 69 So.2d 340 (Fla. 1954), a case where a customer was injured on an escalator when another customer pushed a baby stroller into her. The court found there was nothing inherently dangerous about a mother conveying a child in a stroller and refused to require an owner of a public building to anticipate such injury. The court indulged itself in the presumption that those who use escalators will conduct themselves as ladies and gentlemen. We agree that no liability exists when the act complained of involves a sudden, unexpected action by a tortfeasor where there is no prior indication that the tortfeasor is engaging in the type of conduct that causes the injury. Heps; Kolosky. Here, however, evidence would support a finding that a dangerous condition was created by K-Mart itself, and the store knew that use of the floats by customers had caused property damage in the past. The fact that the act resulted in injury to a person rather than property does not, as a matter of law, change the result. The question of foreseeability was for the trier of fact to decide. Gibson v. Avis Rent-A-Car Systems, Inc., 386 So.2d 520 (Fla. 1980).
We also disagree with K-Mart's contention that the unknown customer was an independent, intervening cause which operated to relieve K-Mart from liability for any alleged negligent act or omission. In order for injuries to be a foreseeable consequence of a negligent act, it is not necessary that the initial tortfeasor be able to foresee the exact nature and extent of the injuries, or the precise manner in which the injuries will occur. It is only necessary that the tortfeasor be able to foresee that some injury will likely result in some manner as a consequence of its negligent act. Leib v. City of Tampa, 326 So.2d 52 (Fla. 2d DCA 1976); Crislip v. Holland, 401 So.2d 1115 (Fla. 4th DCA), petition for review denied, 411 So.2d 380 (Fla. 1981). If the harm that occurs is within the scope of danger created by a defendant's negligent conduct, then such harm is a reasonably foreseeable consequence of the negligence. Crislip. The question of foreseeability as it relates to proximate cause and whether an intervening cause is foreseeable is for the trier of fact. See Crislip. The question of the extent of K-Mart's responsibility to anticipate the consequences of making the floats accessible to customers, in spite of its policy of not allowing customers to use them, was therefore the province of the trier of fact and should not have been summarily resolved in favor of either party. Crislip. We, accordingly, reverse and remand for proceedings consistent herewith.
GRIMES, A.C.J., and FRANK, J., concur.
NOTES
[1] This statement was admissible. See § 90.803(18), Fla. Stat. (1983); Myrick v. Lloyd, 158 Fla. 47, 27 So.2d 615 (1946).