502 So.2d 915 (1986)
Belinda ROBERTS, Richard H. Darlington, As Personal Representative of the Estate of Melody S. Darlington, Deceased, and Margaret Spurling, As Personal Representative of the Estate of Misty K. McCullough, Deceased, Appellants,
v.
SHOP & GO, INC., Appellee.
No. 85-2132.
District Court of Appeal of Florida, Second District.
December 19, 1986.
Rehearing and Rehearing Denied February 20, 1987.
*916 Lee S. Damsker of Maney, Damsker & Arledge, Tampa, and Emmett Abdoney, Tampa, for appellants.
William M. Schneikart and John K. McKay of Robbins, Gaynor, Burton, Hamp, Burns, Bronstein & Shasteen, P.A., St. Petersburg, for appellee.
Rehearing and Rehearing En Banc Denied February 20, 1987.
FRANK, Judge.
The present appeal originates in a civil action arising from the heinous behavior of one Billy Ferry. It comes to us from an order of the trial court dismissing two amended complaints with prejudice. Accordingly, our opinion is based upon all well pleaded facts being taken as true.
On July 2, 1983, Ferry entered a Winn Dixie grocery store in Hillsborough County, Florida. He was carrying a pail of gasoline he had purchased minutes before at a Shop & Go convenience store. Once inside the Winn Dixie store, he hurled the gasoline on Winn Dixie customers and employees; he then ignited the gasoline. The blaze killed or severely injured several people. Belinda Roberts, one of the appellants, survived the event. Margaret Spurling and Richard H. Darlington, two of the appellants, are the personal representatives of the estates of two deceased victims.
At the initial stage before the trial court, the appellants separately sought damages from Winn Dixie and Ferry. The actions were consolidated by the trial court. The complaints were subsequently amended to add Shop & Go as a defendant. The sole question with which we are confronted derives from the trial court's dismissal with prejudice of the claims asserted against Shop & Go. The theories upon which the appellants proceeded in the trial court and are urged on appeal are grounded upon common law negligence and negligence per se.[1] We find that neither theory will sustain the imposition of liability upon Shop & Go.
On the night of July 2, 1983, Ferry entered the Shop & Go store carrying an open-mouth pail. He spent "twenty minutes to pick out an RC Cola and a cupcake," departed, but returned only to retrieve the pail he had been carrying. He entered the store a third time complaining that the RC Cola was flat; the Shop & Go clerk gave him a Pepsi Cola. The fourth time Ferry entered the Shop & Go, shortly before 8:00 p.m., he purchased $4.50 worth of unleaded gasoline and filled his pail from an unsupervised self-service gas pump. The clerk next observed Ferry walking across the street towards the Winn-Dixie store with a large cardboard box over his head. She was unable to see his right arm; it was obscured by the box. Immediately thereafter, Ferry deliberately threw and ignited the gasoline inside the Winn-Dixie store.
It is further asserted in the amended complaints that the Shop & Go clerk knew Ferry "was up to something," that his behavior was odd, he had never bought gasoline from the clerk and the clerk knew he did not own a car. The Shop & Go clerk also had observed words painted on a nearby wall: "Billy can't handle it"  "Fire, Fire, Fire"; she knew it was Ferry who had purchased gasoline that night and she also knew that Ferry had a preoccupation with fire. Finally, the Shop & Go store was located in an area with the third highest crime rate in Hillsborough County and such information was available in the public records.
Based upon the foregoing facts, we are unable within the confines of well settled principles to conclude that Shop & Go was either negligent or responsible for Ferry's monstrous conduct under a claim of negligence *917 per se resulting from its failure to comply with section 526.141, Florida Statutes (1983).
Assuming the pleaded facts capable of proof, it is our judgment that the trial court properly found Ferry's sudden criminal actions unforeseeable notwithstanding the knowledge Shop & Go's clerk may have possessed with respect to his unconventional and aberrant nature. Ferry's "criminal act ... was an independent intervening cause that was not within the realm of reasonable foreseeability on the part of [Shop & Go]." Everett v. Carter, 490 So.2d 193 (Fla. 2d DCA 1986). To conclude otherwise in the instant setting would expose every common-place purveyor of gasoline to liability for a virtually boundless spectrum of acts beyond those which may reasonably and logically be anticipated. We have said, however, that "even where there is a duty to exercise the highest degree of care, the possessor of the duty is required to guard against only those occurrences that can reasonably be anticipated through use of the utmost foresight." City of Sarasota v. Eppard, 455 So.2d 623, 624 (Fla. 2d DCA 1984). We have found no authority to justify saddling gasoline vendors with a duty in each instance of sale to assess the mental stability or criminal propensity of the persons who purchase their products.
We recognize that the "foreseeability" of an intervening causation is frequently a question to be determined by the trier of fact, Vining v. Avis Rent-A-Car Systems Inc., 354 So.2d 54 (Fla. 1977), but it may also be determined as a matter of law in the circumstance where, as here, the intervening act is merely "possible" rather than "probable." Guice v. Enfinger, 389 So.2d 270 (Fla. 1st DCA 1980); see Rios v. Junco, 487 So.2d 331 (Fla. 3d DCA 1986).
We find the Third District's most recent expression of the doctrine we followed in Eppard particularly supportive of our result in the matter at hand:
It is said that [foreseeability] will be decided as a matter of law only in cases where reasonable men could not differ. As a guide to what is a case "where reasonable men could not differ," our courts have employed notions of fairness and policy considerations so as to appropriately relieve a defendant of liability only in highly unusual, extraordinary cases or those with bizarre consequences. Bennett M. Lifter, Inc. v. Varnado, 480 So.2d 1336, 1339 (Fla. 3d DCA 1985) (Citations omitted). (Emphasis added).
In spite of the Shop & Go clerk's awareness that Ferry acted strangely and did not appear to have a customary use for the gasoline, it cannot be said that there existed any degree of "probability" that he would enter the Winn Dixie store, douse people with gasoline and set them afire. In short, the events following the sale of the gasoline to Ferry are well outside the concept of "natural" and "probable" consequences; consequences of that kind "are those which a person by prudent human foresight can expect to anticipate as likely to result from an act, because they happen so frequently from the commission of such act that in the field of human experience they may be expected to happen again." Cone v. Inter County Telephone & Telegraph Co., 40 So.2d 148, 149 (Fla. 1949).
We agree with the appellant that permitting Ferry to fill his pail with gasoline, unsupervised by the Shop & Go employees, offended section 526.141, Florida Statutes (1983). We cannot, however, join in the view that Shop & Go's failure to comply with the statute constituted a concurring cause of the deaths and injuries. The demonstration of negligence per se, standing alone, is not sufficient to create liability; the statutory violation must also be the proximate cause of the injury. Stanage v. Bilbo, 382 So.2d 423 (Fla. 5th DCA 1980). A statutory violation is merely evidence of negligence and the element of foreseeability in that context is no less essential to a claim of actionable negligence than is the case where the tort action is predicated upon any other theory of negligence. See Roberts v. James, 447 So.2d 947, 950 (Fla. 2d DCA 1984). Our analysis set forth above finds the foreseeability factor wanting.
*918 The reasoning we have followed, for example, in such cases as Budet v. K-Mart Corporation, 491 So.2d 1248 (Fla. 2d DCA 1986), is not applicable in the setting before us. A sharp distinction exists between the negligent act of permitting a large rolling platform, as occurred in Budet, to remain in an area where customers could foreseeably trip over it and the sale of gasoline, which is a normal everyday event. Permitting Ferry to place the gasoline in a pail supports a reasonable belief "that some injury" could result from that act, and it is possible that had Ferry unintentionally sloshed the gasoline while carrying the pail, causing an undesigned conflagration resulting in injuries, Shop & Go could be exposed to liability. In that circumstance, the violation of section 526.141 might warrant invocation of the negligence per se doctrine. The difficulty with the application of that doctrine or any theory of negligence in the present setting, however, derives from the total absence of a reasonable expectation that Ferry would intentionally commit the pathologically deviant act which occurred on July 2.
Accordingly, we affirm the trial court's dismissal with prejudice of the appellants' amended complaints.
SCHEB, A.C.J., concurs.
PATTERSON, DAVID F., Associate Judge, dissents with opinion.
PATTERSON, Associate Judge, dissenting.
I disagree with the holding of the majority that Count IV of the amended complaint does not as a matter of law state a cause of action in common law negligence. One who supplies a product to a person under circumstances which will likely produce an unreasonable risk to others is subject to liability for the resulting harm. Restatement (Second) of Torts § 390 (1966); Rio v. Minton, 291 So.2d 214 (Fla. 2d DCA 1974). The pre-violent conduct of Ferry on the night in question, including the purchase of gasoline, in fact put Shop & Go's employee, Archer, on notice of a likelihood of harm to others, and prompted her to exclaim that Ferry was "up to something." Additionally, the plaintiffs have pleaded a breach of section 526.141, Florida Statutes, in the dispensing of gasoline in an open container. That event, while insufficient to sustain a cause of action in and of itself, constituted the breach of a statutory duty and can be evidence of negligence. deJesus v. Seaboard Coast Line Railroad Co., 281 So.2d 198 (Fla. 1973).
On the issue of foreseeability it is not necessary that one be able to foresee the exact nature of the harm which is done; it is only necessary to foresee that some injury is likely to result. Budet v. K-Mart Corporation, 491 So.2d 1248 (Fla. 2d DCA 1986). The fact that Ferry's acts were criminal in nature does not alter this rule. Vining v. Avis Rent-A-Car Systems, Inc., 354 So.2d 54 (Fla. 1977). The issue of foreseeability as presented in this case is one to be determined by the trier of fact, Bennett M. Lifter, Inc. v. Varnado, 480 So.2d 1336 (Fla. 3d DCA 1985), Stahl v. Metropolitan Dade County, 438 So.2d 14 (Fla. 3d DCA 1983), and should not be resolved by a dismissal in the pleading stage of the action. Midflorida Schools Federal Credit Union v. Fanster, 404 So.2d 1178 (Fla. 2d DCA 1981).
NOTES
[1] Our disposition of the appellant's common law negligence contention encompasses the claim based upon Shop & Go's negligent entrustment of gasoline to Ferry.