SCHEB, Acting Chief Judge.
The plaintiff below, Rita Koprowski, sued Manatee County seeking damages for injuries she allegedly received as a result of an accident on a county beach on February 1,1983. Her husband joined as a plaintiff seeking damages for loss of consortium. From an adverse summary final judgment, the Koprowskis filed this appeal.
Ms. Koprowski alleged she was struck by a large rescue-type surfboard used by the county’s lifeguards as she was walking near the lifeguard tower. She contended that the board had been negligently placed against the tower by the county’s lifeguard, and as a result of such negligence she was injured.
Upon conclusion of discovery proceedings, the trial court heard the county’s motion for summary judgment. In their depositions, Ms. Koprowski and her sister, Ms. Jones, stated that a county lifeguard had propped a rescue board about ten feet long and weighing between 35 and 50 pounds against the lifeguard stand and left the beach. It was a windy day and as the two women were walking toward their car, a distance of some 10 to 20 feet from the stand, the rescue board became airborne and struck Ms. Koprowski on her left leg. According to Ms. Koprowski, the board travelled some 10 to 15 feet before striking her.
The county lifeguard on duty at the station where the accident occurred was deposed. He said that when he returned from lunch on the day of the accident he found the board about 25 feet from the stand. He conceded there was a possibility that the wind could have blown the board that far from where he had last placed it. The county’s head lifeguard was also deposed. He said it was common practice to prop the rescue boards against the stands but that if they were negligently placed they could flip over. He had observed boards being blown over an estimated distance of six feet.
At the hearing on the county’s motion for summary judgment, the trial judge observed
you’ve got to guess on part of one person who has said that he knows or assumes or guesses or maybe has seen a board flip as far as six feet. And he’s only ... seen the board blow over and travel once or twice ... And the fact ... is not sufficient to put the County on notice that — that there is a danger to these things happening.
The trial judge concluded that Ms. Ko-prowski’s injuries were not those of “a group or class reasonably foreseeable by the Plaintiff (sic)” and that “no duty arose on the part of the Defendant to warn or protect Plaintiffs against injuries sustained, because of lack of foreseeability based on the standards of City of Sarasota *80 -vs- Eppard 455 So.2d 623 (Pla 2 DCA 1984)....” The court granted summary final judgment in favor of the county.
In order to establish actionable negligence it is necessary to show that the injury caused ought to have been foreseen by a reasonably prudent person. Stark v. Holtzclaw, 90 Fla. 207, 105 So. 330 (1925). It is not necessary that one be able to foresee the exact nature of the harm done; it is only necessary to foresee that some injury is likely to result. Budet v. K-Mart Corp., 491 So.2d 1248 (Fla. 2d DCA 1986). Here, one of the county’s lifeguards testified that when it got windy the boards would either be locked up or laid flat on the ground. Another lifeguard conceded the potential for boards being windblown when not properly secured and even referred to previous instances of this occurring. Ms. Koprowski and her sister testified that it was windy on the day of the accident and that the board was leaning up against the tower. Thus, there was not a factual issue as to foreseeability, and that issue should not have been resolved by summary judgment.
The county’s reliance on Eppard is misplaced. There a motorist’s vehicle left the roadway and jumped a curb and this court declined to place liability on the City of Sarasota for such an “unlikely activity.” Eppard, 455 So.2d at 624. We see a significant difference between a municipality being expected to foresee someone's ear leaving a roadway and jumping a curb and county’s lifeguard anticipating that on a windy day a surfboard not properly stored may blow into a person nearby on the beach. Where, as here, there are facts to be explored on such issues as foreseeability and proximate cause, a summary judgment is inappropriate. See Burroughs Corp. v. American Druggists’ Insurance Co., 450 So.2d 540 (Fla. 2d DCA 1984).
Summary judgment vacated; remanded for further proceedings.
LEHAN and FRANK, JJ., concur.