PER CURIAM.
We reverse the final judgment entered on a jury verdict in appellee’s favor in his negligence action against appellant because no evidence was presented at trial to show how appellant’s actions caused the fire which resulted in decedent’s death.
Appellant had hired decedent, a sixteen-year-old youth who had been diagnosed as borderline mentally incompetent, to do yard *897 work at his Miami home. After appellant had taken up residence at a home in Hollywood, he asked decedent to watch over the Miami home. Appellee, decedent’s personal representative, alleged in his complaint that while decedent was watching the property, decedent entered the home through an unlocked back door, that a fire broke out while he was in the home, and that this fire resulted in decedent’s death. After a trial, the jury returned a verdict finding the appellant 20% negligent and the decedent 80% comparatively negligent. Appellant’s motion for JNOY was denied. We reverse.
Although evidence was presented at trial that the fire was started by the ignition of gasoline that was spread in the foyer part of the house, and that gasoline had been stored in an unlocked utility room in the house, there was no evidence presented as to how appellant’s actions caused the fire which resulted in decedent’s death. The fact that appellant’s house burned down and resulted in the death of the decedent cannot be said to be a “natural” and “probable” consequence of storing gasoline in a utility room. Cone v. Inter County Tel & Tel. Co., 40 So.2d 148, 149 (Fla.1949) (“ ‘Natural’ and ‘probable’ consequences are those which a person by prudent human foresight can be expected to anticipate as likely to result from an act, because they happen so frequently from the commission of such act that in the field of human experience they may be expected to happen again.”); see also Roberts v. Shop & Go, Inc. 502 So.2d 915 (Fla. 2d DCA 1986) (defendant vendor of gasoline held not responsible for damages which were incurred when purchaser of gasoline intentionally burned customers at a supermarket by dousing them with the gasoline), review denied, 513 So.2d 1063 (Fla.1987).
Accordingly the final judgment allocating 20% liability upon appellant is reversed.