[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-10894
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 1, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-22048-CV-MGC

RONALD DE JESUS PALMA,
JACQUELINE PALMA,

Plaintiffs-Appellants,

versus

BP PRODUCTS NORTH AMERICA, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 1, 2009)

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Ronald and Jacqueline Palmas appeal the summary judgment in favor of BP Products and against the Palmas' complaint of negligence. The district court ruled that the alleged negligence of BP was not the proximate cause of Ronald Palma's injuries. We affirm.

The Palmas' complaint stems from personal injuries Ronald Palma received after he confronted a man who damaged the Palmas' vehicle while moving his vehicle to an adjacent fuel pump at a BP gas station in Miami, Florida. The Palmas drove their vehicle to the BP gas station and Ronald Palma walked into the convenience store to prepay for gasoline. Meanwhile, a man driving a Nissan Xterra sport utility vehicle attempted to siphon gas from two fuel pumps near the Palmas' vehicle. When Ronald returned to his fuel pump, the driver of the Nissan demanded that Ronald share his gas, and Ronald refused politely. Ronald returned to the store to collect his change, and another man succeeded in siphoning fuel from a third pump and motioned for the driver of the Nissan to join him. The Nissan struck the Palmas' car en route to the third pump, but the driver of the Nissan did not acknowledge the incident. Jacqueline Palma confronted the driver of the Nissan, but he denied responsibility for the damage and cursed Jacqueline. Jacqueline reported the incident to Ronald and he confronted the driver of the Nissan. When the driver refused to discuss the matter, Ronald dialed 911 on his

cellular telephone, and someone yelled, "[T]his asshole called the cops." The driver of the Nissan and two cohorts attacked Ronald, repeatedly punching him and kicking him, and then fled. Ronald suffered a detached retina and lost vision in his right eye.

The Palmas' complaint alleged that the BP gas station was in a high crime area and BP was negligent for failing to staff adequately the Miami gas station; train personnel; provide personnel with adequate visibility of the gas station; warn invitees of the danger posed by third parties; and install a security system to deter crime. The complaint sought damages for the personal injuries to Ronald and the loss of consortium to Jacqueline, but not for any property damage to their vehicle. BP moved for summary judgment and argued that the incident was not foreseeable and any negligence of BP was not the proximate cause of the personal injury to Ronald Palma. The district court granted summary judgment in favor of BP.

We review a summary judgment de novo and view the evidence in the light most favorable to the nonmoving party. Twin City Fire Ins. Co. v. Ohio Cas. Ins. Co., 480 F.3d 1254, 1258 (11th Cir. 2007). Summary judgment should be entered when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

Under Florida law, which the parties agree applies, the alleged negligence of

BP must be the proximate cause of the Palmas' injuries for the Palmas to recover. See Clay Elec. Coop., Inc. v. Johnson, 873 So. 2d 1182, 1185 (Fla. 2003) (listing as an element of a cause of action based on negligence "[a] reasonably causal connection between the conduct and the resulting injury"). The Supreme Court of Florida has explained that foreseeability is crucial to evaluating proximate cause and the absence of foreseeability can foreclose liability.

> [W]e have said that harm is "proximate" in a legal sense if prudent human foresight would lead one to expect that similar harm is likely to be substantially caused by the specific act or omission in question. In other words, human experience teaches that the same harm can be expected to recur if the same act or omission is repeated in a similar context. . . .
>
> On the other hand, an injury caused by a freakish and improbable chain of events would not be "proximate" precisely because it is unquestionably unforeseeable, even where the injury may have arisen from a zone of risk. The law does not impose liability for freak injuries that were utterly unpredictable in light of common human experience.

McCain v. Fla. Power Corp., 593 So. 2d 500, 503 (Fla. 1992). Although the issue of foreseeability is ordinarily a question of fact for a jury to resolve, it may be decided by a court "when facts are unequivocal, such as where the evidence supports no more than a single reasonable inference." Id.; see also Roberts v. Shop & Go, Inc., 502 So. 2d 915, 917 (Fla. Dist. Ct. App. 1986) ("[F]oreseeability may . . . be determined as a matter of law in the circumstance where, as here, the

4

intervening act is merely possible rather than probable.") (internal quotation marks omitted).

The district court did not err when it granted summary judgment in favor of BP. Any alleged negligence by BP was not the proximate cause of Ronald Palma's personal injuries. BP could not have forseen that a thief would damage Palma's vehicle and later assault Palma when he sought the assistance of law enforcement. That chain of events was freakish and improbable.

The summary judgment in favor of BP is **AFFIRMED**.